Richard W. Mark (RM 6884)
David M. Fine (DF 4479)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

SEAT SACK, INC.,                       :

                  Plaintiff,           :         07-CV-3344 (RJH) (DFE)

        -against-                      :         **DEFENDANTS CHILDCRAFT
                                                 EDUCATION CORP.'S AND SCHOOL
CHILDCRAFT EDUCATION CORP.;            :         SPECIALTY INC.'S ANSWER
US OFFICE PRODUCTS COMPANY;                      AND COUNTERCLAIM**
US OFFICE PRODUCTS NORTH               :
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,                :

                  Defendants.          :

------------------------------------- X

        Defendants Childcraft Education Corp. ("Childcraft") and School Specialty, Inc.

("School Specialty") (collectively, "Childcraft Defendants") hereby respond to the Verified

Complaint (the "Complaint") of plaintiff Seat Sack, Inc. ("Plaintiff") as follows. Each of the

allegations set forth in the Complaint not specifically admitted by Childcraft Defendants is

hereby denied.

        1.      Childcraft Defendants admit, upon information and belief, the allegations of

paragraph 1A and lack knowledge and information sufficient to form a belief as to the

allegations of paragraph 1B, and therefore deny the allegations.

        2.      Childcraft Defendants admit that United States Design Patent Number 358,731

was issued by the U.S. Patent and Trademark Office on May 30, 1995. Childcraft Defendants

lack knowledge and information sufficient to form a belief as to the remaining allegations in paragraph 2, and therefore deny the allegations.

3.      Childcraft Defendants admit that Childcraft is a New York Corporation, and affirmatively allege that Childcraft's principal place of business is located at 1156 Four Star Drive, Mount Joy, Pennsylvania, 17552.

4.      Childcraft Defendants admit the allegations in paragraph 4.

5.      Upon information and belief, Childcraft Defendants state that U.S. Office Products Company and U.S. Office Products North Atlantic District, Inc. no longer exist and the successor in interest to those entities is USOP Liquidating LLC.  Childcraft Defendants affirmatively allege that Defendant School Specialty, Inc. is a Wisconsin corporation whose principal place of business is located at W6316 Design Drive, Greenville, Wisconsin, 54942. Childcraft Defendants deny all remaining allegations of paragraph 5.

6.      Childcraft Defendants deny the allegations in paragraph 6.

7.      Childcraft Defendants admit that they engage in the business of marketing and distributing various school products, as alleged in paragraph 7.  Childcraft admits that it previously distributed the Seat Sack pursuant to an agreement with Plaintiff.  School Specialty denies that it ever held itself out to Plaintiff or to any other person or entity as a distributor of the Seat Sack, and Childcraft Defendants deny all remaining allegations of paragraph 7.

8.      Childcraft Defendants admit that they transact business in the State of New York, but deny all remaining allegations of paragraph 8.

9.      Childcraft Defendants admit that they have transacted business in the County and State of New York and are subject to the jurisdiction of this Court, and deny all remaining allegations of paragraph 9.

10.    Childcraft Defendants admit that Plaintiff's Complaint asserts causes of action as alleged in paragraph 10.  Childcraft Defendants deny that they have committed any violations of statutes or other laws or have breached any contracts as alleged in the Complaint.  Childcraft Defendants deny that portions of the Complaint state claims upon which relief may be granted. Childcraft Defendants deny all remaining allegations of paragraph 10.

### FIRST CAUSE OF ACTION – FRAUD IN THE INDUCEMENT

11.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 10 of the Complaint as though fully set forth herein.

12-29.  Childcraft Defendants will move to dismiss Plaintiff's First Cause of Action, and therefore no responsive pleading to the allegations contained in paragraphs 12-29 is required at this time.

### SECOND CAUSE OF ACTION - FRAUD

30.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 29 of the Complaint as though fully set forth herein.

31.    Childcraft Defendants will move to dismiss Plaintiff's Second Cause of Action, and therefore no responsive pleading to the allegations contained in paragraph 31 is required at this time.

### THIRD CAUSE OF ACTION - CONVERSION

32.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.    Childcraft Defendants will move to dismiss Plaintiff's Third Cause of Action, and therefore no responsive pleading to the allegations contained in paragraph 33 is required at this time.

## FOURTH CAUSE OF ACTION – DECEPTIVE TRADE, UNFAIR BUSINESS PRACTICES, MISAPPROPRIATION OF TRADE SECRETS AND UNFAIR COMPETITION

34.     Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint as though fully set forth herein.

35.     Childcraft Defendants will move to dismiss, or, alternatively, for a more definite statement with respect to Plaintiff's Fourth Cause of Action, and therefore no responsive pleading to the allegations contained in paragraph 35 is required at this time.

## FIFTH CAUSE OF ACTION – BREACH OF CONTRACT

36.     Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 35 of the Complaint as though fully set forth herein.

37.     Childcraft Defendants deny the allegations of paragraph 37.

38.     Childcraft Defendants deny the allegations of paragraph 38.  School Specialty further denies that it had any contractual or other relationship with Plaintiff.

39.     Childcraft Defendants deny the allegations of paragraph 39.  School Specialty further denies that it had any contractual or other relationship with Plaintiff.

40.     Childcraft Defendants deny the allegations of paragraph 40.  School Specialty further denies that it had any contractual or other relationship with Plaintiff.

## SIXTH CAUSE OF ACTION – ATTORNEY'S FEES

41.     Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42.     Childcraft Defendants will move to dismiss Plaintiff's Sixth Cause of Action, and therefore no responsive pleading to the allegations contained in paragraph 42 is required at this time.

## SEVENTH CAUSE OF ACTION – UNLAWFUL USE OF PLAINTIFF'S PATENTED PRODUCT

43.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44.    Childcraft Defendants admit that United States Design Patent No. 358,731 was issued by the U.S. Patent and Trademark Office for the Seat Sack, and deny all remaining allegations of paragraph 44.

45.    Childcraft Defendants lack knowledge and information sufficient to form a belief as to the allegations of paragraph 45 and therefore deny the allegations.

46.    Childcraft Defendants lack knowledge and information sufficient to form a belief as to the allegations of paragraph 46 and therefore deny the allegations.

47.    Childcraft Defendants deny the allegations of paragraph 47.

48.    Childcraft Defendants deny the allegations of paragraph 48.

49.    Childcraft Defendants deny the allegations of paragraph 49.

50.    Childcraft Defendants admit that Plaintiff seeks certain injunctive relief, but deny Plaintiff's entitlement to any such relief.

## EIGHTH CAUSE OF ACTION – TRADEMARK INFRINGEMENT

51.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.    Childcraft Defendants admit that Plaintiff seeks relief for alleged infringement of its alleged patents and trademarks, but deny Plaintiff's entitlement to any such relief.  Childcraft Defendants deny all remaining allegations of paragraph 52.

53.    Childcraft Defendants deny the allegations of paragraph 53.

54.    Childcraft Defendants deny the allegations of paragraph 54.

55.    Childcraft Defendants deny the allegations of paragraph 55.

56.    Childcraft Defendants deny the allegations of paragraph 56.

57.    Childcraft Defendants deny the allegations of paragraph 57.

58.    Childcraft Defendants deny the allegations of paragraph 58.

## NINTH CAUSE OF ACTION – 15 U.S.C. § 1125(a)

59.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 58 of the Complaint as though fully set forth herein.

60.    Childcraft Defendants admit that Plaintiff seeks relief for alleged infringement of its alleged trademarks, but deny Plaintiff's entitlement to any such relief. Childcraft Defendants deny all remaining allegations of paragraph 60.

61.    Childcraft Defendants deny the allegations of paragraph 61.

62.    Childcraft Defendants deny the allegations of paragraph 62.

63.    Childcraft Defendants deny the allegations of paragraph 63.

64.    Childcraft Defendants deny the allegations of paragraph 64.

65.    Childcraft Defendants deny the allegations of paragraph 65.

66.    Childcraft Defendants deny the allegations of paragraph 66.

## TENTH CAUSE OF ACTION – 15 U.S.C. § 1125(a)

67.    Childcraft Defendants repeat their responses to the allegations set forth in Paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68.    Childcraft Defendants admit that Plaintiff seeks relief for alleged infringement of its alleged trademarks, but deny Plaintiff's entitlement to any such relief. Childcraft Defendants deny all remaining allegations of paragraph 68.

69.    Childcraft Defendants deny the allegations of paragraph 69.

70.     Childcraft Defendants deny the allegations of paragraph 70.

71.     Childcraft Defendants deny the allegations of paragraph 71.

72.     Childcraft Defendants deny the allegations of paragraph 72.

## ELEVENTH CAUSE OF ACTION – VIOLATIONS OF § 360-l OF THE GENERAL BUSINESS LAW OF NEW YORK STATE

73.     Childcraft Defendants repeat their responses to the allegations set forth in
Paragraphs 1 through 72 of the Complaint as though fully set forth herein.

74.     Childcraft Defendants admit that Plaintiff seeks relief for alleged violations of
Section 360-1 of the General Business Law of the State of New York, but deny Plaintiff's
entitlement to any such relief.  Childcraft Defendants deny all remaining allegations of paragraph
74.

75.     Childcraft Defendants deny the allegations of paragraph 75.

76.     Childcraft Defendants deny the allegations of paragraph 76.

## TWELFTH CAUSE OF ACTION – VIOLATIONS OF § 360-l OF THE GENERAL BUSINESS LAW OF NEW YORK STATE

77.     Childcraft Defendants repeat their responses to the allegations set forth in
Paragraphs 1 through 76 of the Complaint as though fully set forth herein.

78.     Childcraft Defendants deny the allegations of paragraph 78.

79.     Childcraft Defendants deny the allegations of paragraph 79.

## THIRTEENTH CAUSE OF ACTION – UNJUST ENRICHMENT

80.     Childcraft Defendants repeat their responses to the allegations set forth in
Paragraphs 1 through 79 of the Complaint as though fully set forth herein.

81.     Childcraft Defendants will move to dismiss Plaintiff's Thirteenth Cause of
Action, and therefore no responsive pleading to the allegations of paragraph 81 is required at this

time.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state claims upon which relief may be granted.

2.      School Specialty never entered into any contractual or other relationship with Plaintiff and therefore was improperly joined as a Defendant in this matter.

3.      There is no federally registered trademark applicable to the Seat Sack.

4.      Plaintiff's design patent for the Seat Sack is invalid because the Seat Sack design is obvious.

5.      Plaintiff's tort claims are barred by the economic loss doctrine.

6.      Plaintiff's contract claims are barred due to Plaintiff's breach of the contract.

7.      Plaintiff's contract claims are barred by a failure of consideration.

8.      Plaintiff's claims are barred in their entirety by Plaintiff's unclean hands.

9.      Plaintiff's claims are barred in their entirety by the doctrines of laches, waiver and/or estoppel.

## COUNTERCLAIM

For their Counterclaim against Plaintiff, Childcraft Defendants hereby allege as follows:

1.      Counterclaimant Childcraft Education Corp. is a New York corporation with its principal place of business located at 1156 Four Star Drive, Mount Joy, Pennsylvania, 17552.

2.      Counterclaimant School Specialty, Inc. is a Wisconsin corporation with its principal place of business located at W6316 Design Drive, Greenville, Wisconsin, 54942.

3.      Upon information and belief, Plaintiff is a Florida corporation with its principal place of business located at 5910 Taylor Road, Naples, Florida, 34109.

4.      Plaintiff has accused Childcraft Defendants of infringing Seat Sack's United

States Design Patent No. 358,731 by selling allegedly "knock-off" products that attach to the back of school students' chairs.

5.      This is an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT
OF INVALIDITY OF U.S. DESIGN PATENT NO. 358,731**

6.      Childcraft Defendants incorporate by reference and re-allege as if fully set forth herein the allegations of paragraphs 1 through 5 of the Counterclaim.

7.      Upon information and belief, Plaintiff is the owner of United States Design Patent No. 358,731 (the "Design Patent").

8.      As evidenced by the Complaint and the Defendants' Answer thereto, and by Plaintiff's accusations of infringement, there exists a real and actual controversy concerning the validity and alleged infringement of the Design Patent.

9.      Childcraft Defendants are entitled to a declaratory judgment that the Design Patent is invalid under 35 U.S.C. § 101, *et seq.*, in that it fails to meet the patentability standards under 35 U.S.C. §§ 102 and 103, because it is anticipated by, or obvious in view of, the prior art.

**SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT OF
NON-INFRINGEMENT OF U.S. DESIGN PATENT NO. 358,731**

10.      Childcraft Defendants incorporate by reference and re-allege as if fully set forth herein the allegations of paragraphs 1 through 9 of the Counterclaim.

11.      Childcraft Defendants are entitled to a declaratory judgment that they have not infringed and are not infringing the Design Patent.

WHEREFORE, Childcraft Defendants demand judgment in their favor and against

Plaintiff as follows:

1.    Dismissing Plaintiff's Complaint with prejudice;

2.    Declaring that the Patent is invalid;

3.    Declaring that the Childcraft Defendants have not infringed the Patent;

4.    Awarding Childcraft Defendants all recoverable costs, fees, and interest; and

5.    For all such other relief as the Court deems just and equitable.


Dated:  New York, New York                     Respectfully submitted,
        May 3, 2007
                                               ORRICK, HERRINGTON & SUTCLIFFE LLP


                                               By: _____
                                                   Richard W. Mark (RM 6884)
                                                   David M. Fine (DF 4479)
                                                   666 Fifth Avenue
                                                   New York, NY  10103

                                                   Attorneys for Defendants,
                                                   Childcraft Education Corp. and
                                                   School Specialty, Inc.

                                               OF COUNSEL:

                                                   Nicholas A. Kees
                                                   Anthony S. Baish
                                                   Mark E. Schmidt
                                                   GODFREY & KAHN, S.C.
                                                   780 North Water Street
                                                   Milwaukee, WI  53202-3590