

# ORRICK

May 3, 2007

Richard W. Mark
(212) 506-3785
rmark@orrick.com

*VIA ELECTRONIC FILING*

Hon. Richard J. Holwell
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>Seat Sack, Inc. v. Childcraft Education Corp., et al.</u>, Case No. 07-CV-3344 (RJH) (DFE)

Dear Judge Holwell:

We represent defendants and counterclaim plaintiffs Childcraft Education Corp. ("Childcraft") and School Specialty, Inc. ("School Specialty") (collectively, the "Childcraft Defendants") in the above-referenced matter. Pursuant to the Court's Individual Practices Rule 3.A, we request permission to file a motion to dismiss portions of the Complaint pursuant to Fed. R. Civ. P. 12(b), and, in the alternative, to file a motion for a more definite statement pursuant to Fed. R. Civ. P. 12(e). With respect to the remainder of the Complaint, we are today serving and filing our Answer and Counterclaim.

<u>Background</u>

The Childcraft Defendants are in the business of marketing and distributing educational aids, products, and supplies to educational institutions. In late 1999, Childcraft (but not School Specialty) entered into an agreement whereby it would serve as the exclusive distributor of the Seat Sack, a product developed by plaintiff Seat Sack, Inc. ("Plaintiff"). The Seat Sack is a storage product for educational supplies that drapes over the back of a student's chair.

On March 5, 2007, Plaintiff filed suit in the Supreme Court of the State of New York, County of New York. The Childcraft Defendants were served on April 6, 2007. On April 26, 2007, we timely removed the case to the United States District Court for the Southern District of New York.[1] The Complaint alleges thirteen causes of action against the Childcraft Defendants,

---

[1] Plaintiff also named US Office Products Company and US Office Products North Atlantic District, Inc. as defendants. Counsel for Childcraft Defendants have spoken with counsel for the successor to those entities, USOP Liquidating LLC, who indicated that while they were not served with the Summons and Complaint, they do not object to removal to this Court.


**ORRICK**

Hon. Richard J. Holwell
May 3, 2007
Page 2

ranging from fraud to patent infringement. We will briefly discuss only those claims that would be the subject of our motion.

<u>The Fraud Claims</u> (First and Second Cause of Action)

Plaintiff's First and Second Causes of Action allege fraud and fraud in the inducement. The facts underlying the alleged fraud, however, are identical to those comprising Plaintiff's breach of contract claim. It is well settled under New York law that a fraud claim cannot be premised merely on a breach of a contract. *See Crabtree v. Tristar Auto. Group, Inc.*, 776 F. Supp. 155, 162 (S.D.N.Y. 1991). Similarly, fraud in the inducement cannot be based solely upon a failure to perform contractual promises. *See D.S. America (East), Inc. v. Chromagrafx Imaging Sys., Inc.*, 873 F. Supp. 786, 796 (E.D.N.Y. 1995). The Complaint, moreover, fails to allege fraud with the specificity required by Fed. R. Civ. P. 9(b). Accordingly, the fraud claims should be dismissed.

<u>The Conversion Claim (Third Cause of Action)</u>

Plaintiff's claim for conversion is barred by the economic loss doctrine. In essence, the doctrine prohibits a plaintiff from suing in tort for breach of a contractual duty. *See Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.*, 206 A.D.2d 177, 181, 620 N.Y.S.2d 196, 198-99 (N.Y. App. Div. 1994). A claim of conversion, moreover, must be premised upon the unauthorized use or possession of tangible property. Generally speaking, a right to money – the "property" allegedly taken from Plaintiff – cannot be converted.

<u>The "Trade Secret" and "Unfair Competition" Claims (Fourth Cause of Action)</u>

Although its exact nature is not entirely clear, Plaintiff's Fourth Cause of Action seemingly alleges misappropriation of trade secrets and undefined forms of "unfair competition." None of the allegations state a claim upon which relief may be granted. In order to properly allege a claim for misappropriation of trade secrets, the complaint must identify information that is *secret*. *See Lehman v. Dow Jones & Co., Inc.*, 783 F.2d 285, 298 (2d Cir. 1986). Here, it appears the alleged "trade secret" is the Seat Sack itself, and all information about the product (including its design and components) has been publicly disclosed in the patent application. The Seat Sack, in other words, cannot be a trade secret.

The vague allegations of "unfair competition" making up the remainder of the Fourth Cause of Action do not set forth any discernible or distinct claim, and therefore should be dismissed. At the very least, Plaintiff should be required to re-plead the "unfair competition" allegations in a more definite statement that gives the Childcraft Defendants meaningful notice


ORRICK

Hon. Richard J. Holwell
May 3, 2007
Page 3

of Plaintiff's claims. *See Bangkok Crafts Corp. v. Capitolo Di San Pietro In Vaticano*, 331 F. Supp. 2d 247, 255 (S.D.N.Y. 2004) (dismissing unfair competition claim where plaintiff failed to allege, among other things, public confusion).

The "Attorney Fees" Claim (Sixth Cause of Action)

Plaintiff's Sixth Cause of Action seeks "an award of attorney's fees and costs in favor of the plaintiff and against the defendants." This claim should be dismissed. As previously discussed, the essence of Plaintiff's Complaint is a breach of contract. Absent a specific contractual provision permitting their recovery (which is absent here), attorney fees are not available in a breach of contract action. *See Hunt v. Sharp*, 85 N.Y.2d 883, 885-86, 649 N.E.2d 1201, 1202 (N.Y. 1995).

The Unjust Enrichment Claim (Thirteenth Cause of Action)

Under New York law, the existence of an enforceable contract precludes quasi-contractual recovery in unjust enrichment for claims arising out of the same subject matter. *See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388, 516 N.E.2d 190, 193 (N.Y. 1987). Plaintiff has alleged the existence of a contract, and the Childcraft Defendants have admitted that allegation. The unjust enrichment claim cannot stand.

Conclusion

Based on the foregoing, the Childcraft Defendants request the Court's permission to move to dismiss the First, Second, Third, Fourth, Sixth, and Thirteenth Causes of Action (or, with respect to at least some of those claims, to move for a more definite statement).

We understand that, pursuant to the Court's Individual Practices Rule 3.A, service of this letter constitutes timely service of defendants' pending motion.

Respectfully submitted,

Richard W. Mark

cc:  Edward J. Carroll, Esq. (attorney for plaintiff) (by facsimile and first-class mail)
     Sean M. Beach, Esq. (attorney for USOP Liquidating LLC) (by facsimile and
        first-class mail)