Richard W. Mark
David M. Fine
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY  10103
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

SEAT SACK, INC.,                                :

               Plaintiff,                          :

       -against-                                :

CHILDCRAFT EDUCATION CORP.;           :          CASE NO.  07-CIV-3344 (RJH)(DFE)
US OFFICE PRODUCTS COMPANY;
US OFFICE PRODUCTS NORTH               :
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,                :

          Defendants.                        :

------------------------------------- X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
## MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

OF COUNSEL:

Nicholas A. Kees
Anthony S. Baish
Mark E. Schmidt
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI  53202-3590

## TABLE OF CONTENTS

**Page**

THE FACTS AS PLEADED IN THE COMPLAINT.................................................................. 2

STANDARDS.............................................................................................................................. 4

ARGUMENT .............................................................................................................................. 4

    I.      THE FRAUD COUNTS SHOULD BE DISMISSED ........................................... 4

          A.      The Complaint Merely Alleges Breach Of Contract, Not Fraud .............. 4

          B.      The Complaint Fails To Plead Fraud With Particularity .......................... 6

    II.     The Conversion Claim Should Be Dismissed........................................................ 8

          A. Money Cannot Be Converted, Except In Exceptional Circumstances
               Not Present Here ...................................................................................... 8

          B.      The Economic Loss Doctrine Bars Plaintiff's Tort Action For
                  Conversion ............................................................................................... 9

    III.    THE FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM
          UPON WHICH RELIEF MAY BE GRANTED .................................................. 10

          A.      The Seat Sack Is Not A Trade Secret........................................................ 10

          B.      Section 349 of New York General Business Law Protects The
                  Consuming Public From "Deceptive Trade Practices," Not Parties
                  To Private Contracts ................................................................................ 11

          C.      The "Unfair Competition" Claim Also Fails .......................................... 11

          D. At Minimum, Plaintiff Should Be Compelled to Restate Its Fourth
               Cause of Action So That Childcraft Defendants Have a Meaningful
               Opportunity to Respond ........................................................................... 11

    IV.    THERE IS NO BASIS FOR THE STAND-ALONE "ATTORNEY FEES"
          CLAIM................................................................................................................. 12

    V. THE EXISTENCE OF A CONTRACT BARS THE UNJUST ENRICHMENT
          CLAIM................................................................................................................. 14

CONCLUSION.......................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page**

## CASES

*American High-Income Trust v. AlliedSignal*, 329 F. Supp. 2d 534 (S.D.N.Y. 2004) ....................................................................................................................2

*Bangkok Crafts Corp. v. Capitol Di San Pietro In Vaticano*, 331 F. Supp. 2d 247 (S.D.N.Y. 2004)..........................................................................................11, 12

*Bristol-Myers Squibb, Industrial Division v. Delta Star, Inc.*, 206 A.2d 177, 620 N.Y.S.2d 196 (N.Y. App. Div. 1994) ....................................................9, 10

*C.B. Western Financial Corp. v. Computer Consoles, Inc.*, 122 A.D.2d 10, 504, N.Y.S.2d 179 (N.Y. App. Div. 1986) ............................................................6

*Canstar v. Jones*, 212 A.D. 452, 622 N.Y.S.2d 730 (N.Y. App. Div. 1995).......................6

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382 (N.Y. 1987)...................14

*Crabtree v. Tristar Automotive Group, Inc.*, 776 F. Supp. 155 (S.D.N.Y. 1991) ..............6

*DS America (East), Inc. v. Chromagrafx Imaging Systems, Inc.*, 873 F. Supp. 786 (E.D.N.Y. 1995)................................................................................................6

*DiVittorio v. Equidyne Extractive Industrial, Inc.*, 822 F.2d 1242 (2d Cir. 1987)..........7, 8

*Feeney v. Licari*, 131 A.D.2d 539, 516 N.Y.S.2d 265 (N.Y. App. Div. 1987) ................12

*Gill v. Pidlypchak*, 389 F.3d 379 (2d Cir. 2004).................................................................4

*Hunt v. Sharp*, 85 N.Y.2d 883, 626 N.Y.S.2d 57, 649 N.E.2d 1201 (N.Y. 1995)............12

*Independence Discount Corp. v. Bressner*, 47 A.D.2d 756, 365 N.Y.S.2d 44 (N.Y. App. Div. 1975) ...................................................................................9

*L. Fatato, Inc. v. Decrescente District Co.*, 86 A.D.2d 600, 446 N.Y.S.2d 120 (N.Y. App. Div. 1982) ...................................................................................6

*Laurent v. Williamsburg Sav. Bank*, 28 Misc. 2d 140, 137 N.Y.S.2d 750 (N.Y. 1954) ........................................................................................................9

*Lehman v. Dow, Jones & Co., Inc.*, 783 F.2d 285 (2d Cir. 1986) ....................................10

*Linkco, Inc. v. Fujitsu, Ltd.*, 230 F. Supp. 2d 492 (S.D.N.Y. 2002) .................................10

### TABLE OF AUTHORITIES
(continued)

**Page**

*In re Livent, Inc. Noteholders Sec. Litigation*, 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ...............................................................................................4, 13

*Lou v. Belzberg*, 728 F. Supp. 1010 (S.D.N.Y. 1990) ......................................7

*MBW Advertising Network, Inc. v. Century Business Credit Corp.*, 173 A.D.2d 306, 569 N.Y.S.2d 682 (N.Y. 1991) ........................................................6

*In re Mid-Island Hospital, Inc.*, 276 F.3d 123 (2d Cir. 2002) ...........................13

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2d Cir. 1993) ...........................8

*O'Brien v. Price Waterhouse*, 740 F. Supp. 276 (S.D.N.Y. 1990), aff'd, 936 F.2d 674 (2d Cir. 1991)...........................................................................7

*Oechsner v. Connell Ltd. Partnership*, 283 F. Supp. 2d 926 (S.D.N.Y. 2003) ..................7

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 647 N.E.2d 741 (N.Y. 1995) ..............................................11

*Papasan v. Allain*, 478 U.S. 265 (1986) ..........................................................4

*Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439 (S.D.N.Y. 2005)...............12

*Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 88 A.D.2d 883, 452 N.Y.S.2d 599 (N.Y. App. Div. 1982) .......................................................................9

*Piccoli A/S v. Calvin Klein Jeanswear Co.*, 19 F. Supp. 2d 157 (S.D.N.Y. 1998)..............2

*Reingold v. Deloitte Haskins & Sells*, 599 F. Supp. 1241 (S.D.N.Y. 1984).......................7

*Rombach v. Chang*, 355 F.3d 164 (2d Cir. 2004) ..............................................7

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)................................................2

*SNS Bank, N.V. v. Citibank, N.A.*, 777 N.Y.S.2d 62 (N.Y. App. Div. 2004)....................13

*Shred-It USA, Inc. v. Mobile Data Shred*, 222 F. Supp. 2d 376 (S.D.N.Y. 2002).............10

*Whitney v. Citibank, N.A.*, 782 F.2d 1106 (2d Cir. 1986)...................................13

*Wiener v. Lazard Freres & Co.*, 672 N.Y.S.2d 8 (N.Y. App. Div. 1988) ........................13

# TABLE OF AUTHORITIES
(continued)

**Page**

*Zito v. Fischbein, Badillo, Wagner & Harding*, 831 N.Y.S.2d 25, 35 N.Y.S.2d
    306 (1st Dep't 2006)..................................................................................14

## STATUTES

Fed. R. Civ. P. 9(b) ...................................................................................4, 7

Fed. R. Civ. P. 12(b)(6)...................................................................................4

Fed. R. Civ. P. 12(e) ....................................................................................12

N.Y. G.B.L. § 349........................................................................................11

Richard W. Mark
David M. Fine
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SEAT SACK, INC.,                                   :

              Plaintiff,                  :

      -against-                              :

CHILDCRAFT EDUCATION CORP.;          :          CASE NO. 07-CIV-3344 (RJH)(DFE)
US OFFICE PRODUCTS COMPANY;
US OFFICE PRODUCTS NORTH               :
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,                    :

          Defendants.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND MOTION FOR A MORE DEFINITE STATEMENT

     In a thirteen-count Complaint, plaintiff Seat Sack, Inc. levels accusations ranging from

fraud to patent infringement against defendants Childcraft Education Corp. ("Childcraft") and

School Specialty, Inc. ("School Specialty"). Yet each of Seat Sack, Inc.'s claims are premised

on the same basic fact: Childcraft introduced a product – the "Seat Pocket" – to compete with

plaintiff's product called the "Seat Sack."[1] While Childcraft and School Specialty (collectively,

"Childcraft Defendants") are confident they will prevail on all of Plaintiff's claims, the present

motion focuses on those claims that, in a classic case of over-pleading, are wholly superfluous to

---

[1] In order to avoid confusion between plaintiff Seat Sack, Inc. and the Seat Sack product itself, we hereafter refer to Seat Sack, Inc. as "Plaintiff."

the true dispute.  Properly distilled, the lawsuit involves just three basic claims for breach of

contract, trademark infringement, and patent infringement.  All other causes of action should be

dismissed because they fail to state claims as a matter of law.

## THE FACTS AS PLEADED IN THE COMPLAINT

Except where noted below, Childcraft Defendants accept the following allegations as true

for purposes of this motion only.  These facts are derived from the Complaint (cited herein as

"Compl."), a true and correct copy of which is attached as Exhibit 1 to the accompanying

Declaration of Anthony S. Baish, dated June 26, 2007 (the "Baish Decl.").

Plaintiff is a Florida corporation that manufactures and sells the Seat Sack, a storage

product for school supplies that drapes over the back of a student's chair.  (Compl. para. 1).

Childcraft is a New York corporation that develops, markets and distributes educational products

and school supplies.  (Id. at paras. 3, 7).  Defendant School Specialty is a Wisconsin corporation

that is also in the business of developing, marketing and distributing educational products and

school supplies.  (Compl. para. 7; Answer para. 5).[2]

In late 1999, Plaintiff entered into a contract (the "Distribution Agreement") with

Childcraft whereby Childcraft agreed to market and sell the Seat Sack as part of its line of school

supply products.  (Compl. para. 12; Baish Decl. para. 4, Ex. 2).[3]  Although the Complaint alleges

that all defendants entered into the Distribution Agreement with Plaintiff (see, e.g., Compl.

paras. 12, 14), the Distribution Agreement reflects that only Childcraft did so.  (Baish Decl.,

---

[2] Defendants US Office Products Company and US Office Products North Atlantic District, Inc. do not join this motion, as they no longer exist.  The successor in interest to those entities is USOP Liquidating LLC, the special purpose entity approved by the United States Bankruptcy Court for the District of Delaware to administer, liquidate and distribute the assets of USOP.  (Compl. para. 5; Answer para. 5).  USOP Liquidating LLC has not filed an Answer, but did file a Suggestion of Bankruptcy with the Court on May 29, 2007.

[3] Where a Complaint expressly refers to and relies upon a contract that it does not attach, the Court may consider that contract without converting a motion to dismiss into one for summary judgment.  See Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000); American High-Income Trust v. AlliedSignal, 329 F. Supp. 2d 534, 540 (S.D.N.Y. 2004); Piccoli A/S v. Calvin Klein Jeanswear Co., 19 F. Supp. 2d 157, 162 n.25 (S.D.N.Y. 1998).

Ex. 2).  As alleged in the Complaint, under the Distribution Agreement Childcraft became

Plaintiff's "lawful distributor and non-exclusive licensee," while Plaintiff allowed Childcraft to

include the Seat Sack in Childcraft's catalog and advertisements, and provided Seat Sacks to

Childcraft for sale.  (Compl. para. 14).  Plaintiff alleges "upon information and belief" that

Childcraft Defendants made a number of extrinsic representations during the negotiation of the

Distribution Agreement.  Specifically, Childcraft Defendants allegedly promised to:  (1) act as

Plaintiff's fiduciary and in Plaintiff's best interests in distributing the Seat Sack; (2) timely

account for and remit all payments from sales of the Seat Sack to Plaintiff; (3) not manufacture

or distribute any product that competes with the Seat Sack; and (4) protect Plaintiff's United

States Design Patent as well as Plaintiff's state and federal trademark rights.  (Compl. para.

13(a)-(d)).

        The Complaint states that Childcraft Defendants ultimately created a "knock-off"

product, called the Seat Pocket, to unfairly compete with the Seat Sack; artificially increased the

price of the Seat Sack in order to promote Seat Pocket sales; and set up an Internet website that

transferred customers searching for the Seat Sack to information regarding sales of the Seat

Pocket.  (Compl. para. 18).  The Complaint characterizes these actions as "defaults" under the

parties' distribution agreement.  (Id. at paras. 18-21, 23-24).

        From these basic operative facts, Plaintiff contrives thirteen causes of action.  They

include:  fraud in the inducement and fraud (Counts I-II); conversion (Count III); "deceptive

trade, unfair business practices, misappropriation of trade secrets, and unfair competition"

(Count IV); breach of contract (Count V); "attorney's fees" (Count VI); patent infringement

(Count VII); trademark infringement under federal and state laws (Counts VIII-XII), and unjust

enrichment (Count XIII).  The present motion addresses six of these causes of action – those for

fraud, conversion, "deceptive trade practices," "attorney's fees," and unjust enrichment. Because they fail as a matter of law, the claims should be dismissed.

## STANDARDS

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004). Dismissal is proper if it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. See id. However, "[t]he court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations." In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). In addition, "the circumstances constituting fraud . . . shall be stated with particularity." Federal Rule of Civil Procedure 9(b). Plaintiff's claims in Counts I-IV, VI, and XIII fail under these standards.

## ARGUMENT

### I.    THE FRAUD COUNTS SHOULD BE DISMISSED

Counts I and II of the Complaint allege fraud in the inducement and fraud. The alleged "fraud," however, relates solely to Childcraft Defendants' alleged breach of contractual promises. The claims accordingly fail as a matter of law. Moreover, the Complaint fails to satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b) in that it does not specify the time, place, speaker, or even the precise content of the alleged misrepresentations.

#### A.    The Complaint Merely Alleges Breach Of Contract, Not Fraud

According to the Complaint, "on, about, or immediately proceeding [sic] the making of" the Distribution Agreement, Childcraft Defendants made certain allegedly false statements to Plaintiff. (Compl. para. 13). Although characterized as "representations," the alleged statements

in fact amount to promises of future performance under the contract.  Specifically, as noted above, Childcraft Defendants allegedly promised to:  (1) act as Plaintiff's fiduciary and in Plaintiff's best interests in distributing the Seat Sack; (2) timely account for and remit all payments from sales of the Seat Sack to Plaintiff; (3) not manufacture or distribute any product that competes with the Seat Sack; and (4) protect Plaintiff's United States Design Patent as well as Plaintiff's state and federal trademark rights.  (Compl. para. 13(a)-(d)).

Plaintiff eliminates all doubt as to whether the alleged "fraud" involved promises of performance, as the fraud claims are replete with allegations pertaining solely to contractual performance.  See, e.g., Compl. para. 13(a) ("defendants would faithfully adhere and perform all of its/their obligations under the aforesaid agreement"); para. 17 ("defendants have failed to perform its/their obligations under its aforesaid distributorship agreement"); para. 19 ("defendants were and still are in default of its/their contractual obligations"); para. 20 ("plaintiff has allowed defendants numerous opportunities to cure the aforesaid defaults"); para. 22 ("Plaintiff has fully performed all of its duties and obligations under the distributorship agreement"); para. 23 ("plaintiff has fully performed its obligations under the aforesaid agreement but the obligations to be performed by the defendants have not been met"); para. 24 ("Defendants have fail and/or refused to meet its/their obligations and as a result, said defendants have defaulted"); para. 25 ("Plaintiff has demanded in timely and reasonable manner that said defendants fully perform its/their obligations pursuant to its agreement").  In other words, the so-called "fraud" claims are nothing more than claims for breach of contract.

While Childcraft Defendants dispute Plaintiff's description of the terms of the Distribution Agreement, a breach of the agreement – whatever its terms – does not amount to fraud.  It is well settled under New York law that a claim of fraud does not lie if the alleged fraud

merely relates to a breach of a contract.[4]  See, e.g., Crabtree v. Tristar Automotive Group, Inc.,

776 F. Supp. 155, 161 (S.D.N.Y. 1991); MBW Advertising Network, Inc. v. Century Business

Credit Corp., 173 A.D. 2d 306, 569 N.Y.S.2d 682 (N.Y. 1991).  Similarly, a cause of action for

fraud in the inducement cannot be based solely upon a failure to perform contractual promises of

future acts.  See DS America (East), Inc. v. Chromagrafx Imaging Systems, Inc., 873 F. Supp.

786, 796 (E.D.N.Y. 1995) (citing C.B. Western Financial Corp. v. Computer Consoles, Inc., 122

A.D.2d 10, 504, N.Y.S.2d 179, 182 (N.Y. App. Div. 1986)).  An alleged failure to fulfill such

promises is a breach of contract and may be remedied only in an action on the contract.  See id.;

see also L. Fatato, Inc. v. Decrescente Dist. Co., 86 A.D.2d 600, 601, 446 N.Y.S.2d 120, 121

(N.Y. App. Div. 1982) (allegation "that [the] defendant made [an] agreement knowing that it

would not abide by it, thereby misrepresenting its intention to [the] plaintiff [.] . . . says nothing

which is not legally embraced by [a cause] of action for breach of contract"); Canstar v. Jones,

212 A.D. 452, 453, 622 N.Y.S.2d 730, 731 (N.Y. App. Div. 1995) (decrying "an improper

attempt to recast the breach of contract claim in terms of fraud").

Even accepting as true all of Plaintiff's allegations about the terms of the Distribution

Agreement, the Complaint merely alleges breach of contract, not fraud or fraud in the

inducement.  Plaintiff has a remedy for such alleged misconduct – a breach of contract claim,

which is set forth in Count V.  On this ground alone, the "fraud" claims of Counts I and II should

be dismissed.

### B.    THE COMPLAINT FAILS TO PLEAD FRAUD WITH PARTICULARITY

Another basis for dismissing Plaintiff's fraud claims is that the Complaint fails to allege

fraud with the specificity required by Fed. R. Civ. P. 9(b).  This rule provides that "[i]n all

---

[4] For purposes of this motion only, and without waiving any rights with respect to choice of law, Childcraft
Defendants will assume New York law applies.

averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.  Malice, intent, knowledge, and other condition of mind of a person may be averred generally."  The Second Circuit "has read Rule 9(b) to require that a complaint [alleging fraud] (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."  Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004).  The pleading must be sufficiently particular to serve the three goals of Rule 9(b), which are to provide a defendant with fair notice of the claims against it, to protect a defendant from harm to its reputation or goodwill by unfounded allegations of fraud, and to reduce the number of strike suits.  See DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (citing Reingold v. Deloitte Haskins & Sells, 599 F. Supp. 1241, 1266 (S.D.N.Y. 1984)); O'Brien v. Price Waterhouse, 740 F. Supp. 276, 279 (S.D.N.Y. 1990), aff'd, 936 F.2d 674 (2d Cir. 1991).  The Complaint falls far short of these requirements.

As to the time when the alleged misrepresentations were made, the Complaint offers only a vague reference to a period "on, about, or immediately proceeding [sic] the making of the . . . agreement[.]"  (Compl. para. 13).  The place where the alleged misrepresentations were made is not identified.  Indeed, the Complaint remarkably does not even specify which of the defendants made the alleged misrepresentations, merely referencing "defendants."  This defect alone is fatal: where multiple defendants are involved in an alleged fraud, the fraud must be particularized as to each one of them.  See Lou v. Belzberg, 728 F. Supp. 1010, 1022 (S.D.N.Y. 1990); see also Oechsner v. Connell Ltd. P'ship, 283 F. Supp. 2d 926 (S.D.N.Y. 2003) (pleading unspecified false statements by corporation's chairman "and others" allegedly made to "various employees"

at "various meetings" did not satisfy time, place, speaker and content requirements necessary for allegations of fraudulent concealment).

Finally, the fraud allegations also are insufficient because they are made "upon information and belief." (Comp. para. 13, 15-16). Accusations of fraud may not rest upon allegations made on information and belief. See Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993); Di Vittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987).

The Federal Rules are clear: the serious allegation of fraud requires more than vague assertions "upon information and belief" of fraud committed somewhere, at some time, by someone. Rather, Plaintiff must set forth specific facts supporting its claim. The Complaint is woefully lacking in any such facts. As a matter of law, Plaintiff fails to state a claim for fraud, and Counts I and II should be dismissed.

## II.    THE CONVERSION CLAIM SHOULD BE DISMISSED

Plaintiff's conversion claim – Count III – is nothing more than a duplicative rephrasing of other claims. Childcraft Defendants allegedly converted "monies and the proceeds of sales due plaintiff" by breach of contract, breach of fiduciary duty, "and/or" by selling the Seat Pocket. (Compl. para. 33). The conversion claim, in other words, simply seeks money damages for the same alleged conduct underlying other causes of action in the Complaint. Plaintiff misuses the tort of conversion, and the claim should be dismissed.

### A.    Money Cannot Be Converted, Except In Exceptional Circumstances Not Present Here

Conversion is a tort that involves the unauthorized taking of specific, identifiable property to which the plaintiff has an immediate right of possession. See Independence Discount Corp. v. Bressner, 47 A.D.2d 756, 757, 365 N.Y.S.2d 44, 46 (N.Y. App. Div. 1975) (citing

cases); <u>Laurent v. Williamsburg Sav. Bank</u>, 28 Misc. 2d 140, 143-44, 137 N.Y.S.2d 750, 754-55

(N.Y. 1954). A right to money damages is not "property" that is subject to conversion. Money

cannot be converted unless it is specifically identifiable – for example, a specific $20 bill with a

specific serial number – or unless it is placed in a specially segregated or designated account or

fund. <u>See</u> <u>id.</u>; <u>Peters Griffin Woodward, Inc. v. WCSC, Inc.</u>, 88 A.D.2d 883, 883-84, 452

N.Y.S.2d 599, 600 (N.Y. App. Div. 1982). For this reason, then, a plaintiff cannot sue for

conversion "where damages are merely being sought for breach of contract." <u>Id.</u> at 884; <u>see also</u>

<u>Laurent</u>, 137 N.Y.S.2d at 754-55 (conversion "cannot be predicated upon an equitable interest or

a mere breach of contract obligation") (internal quotations and citations omitted). In other

words, a conversion claim is not an appropriate means to seek general money damages

compensable through other claims. Yet this is exactly what Plaintiff is attempting to do. The

conversion claim fails as a matter of law and should be dismissed.

**B.      The Economic Loss Doctrine Bars Plaintiff's Tort Action For Conversion**

To the extent Plaintiff's conversion claim is premised on a breach of the Distribution

Agreement, it also is barred by the economic loss doctrine. The economic loss doctrine is

designed to maintain the distinction between contract and tort law. In essence, the doctrine

prohibits a plaintiff from suing in tort for breach of a contractual duty.

> It is a well-established principle that a simple breach of contract is
> not to be considered a tort unless a legal duty independent of the
> contract itself has been violated. This legal duty must spring from
> circumstances extraneous to, and not constituting elements of, the
> contract, although it may be connected with and dependent on the
> contract.

<u>Bristol-Myers Squibb, Indus. Div. v. Delta Star, Inc.</u>, 206 A.2d 177, 620 N.Y.S.2d 196 (N.Y.

App. Div. 1994) (internal quotations and citations omitted). "The economic loss rule reflects the

principle that damages arising from the failure of the bargained-for consideration to meet the

expectations of the parties are recoverable in contract, not tort." <u>Id.</u>, 206 A.2d at 181; 620

N.Y.S.2d at 198-99.  Thus, for claims alleging only economic loss (as opposed to injury to

person or property), "the usual means of redress is an action for breach of contract; a tort action

for economic loss will not lie."  <u>Shred-It USA, Inc. v. Mobile Data Shred</u>, 222 F. Supp. 2d 376,

379 (S.D.N.Y. 2002).  Childcraft Defendants' alleged duties to Plaintiff are not imposed by tort

law, but rather are imposed by the express terms of the Distribution Agreement, the existence of

which is admitted.  The conversion claim, therefore, is barred by the economic loss doctrine and

should be dismissed.

## III.    THE FOURTH CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The parameters of Plaintiff's Fourth Cause of Action are hard to discern.  Plaintiff alleges

"deceptive trade, unfair business practices, misappropriation of trade secrets and unfair

competition."  Plaintiff apparently has lumped several distinct claims within a single cause of

action.  Regardless, the allegations are insufficient to support any of the purported claims.

### A.    The Seat Sack Is Not A Trade Secret

In order to state a claim for misappropriation of trade secrets, the Complaint must

identify information that is <u>secret</u>.  <u>See</u> <u>Lehman v. Dow, Jones & Co., Inc.</u>, 783 F.2d 285, 298

(2d Cir. 1986).  Here, the only reasonable reading of the Complaint is that the Seat Sack itself is

the alleged "trade secret."  (Compl. para. 13(d)).  Yet the Complaint also alleges that the Seat

Sack is marketed and sold to schools across the country and even "throughout the world."

(Compl. para. 12).  A product that is marketed to the public cannot be a trade secret, as "secrecy

is necessarily lost when the design or product is placed on the market."  <u>See</u> <u>Linkco, Inc. v.

Fujitsu, Ltd.</u>, 230 F. Supp. 2d 492, 498 (S.D.N.Y. 2002).  The Complaint therefore fails to state a

claim for misappropriation of a trade secret.

**B.    Section 349 of New York General Business Law Protects The Consuming Public From "Deceptive Trade Practices," Not Parties To Private Contracts**

Childcraft Defendants do not know precisely what Plaintiff means by "deceptive trade practices," but any such practices would be governed by New York General Business Law § 349. This statute is expressly oriented to the protection of consumers within the general public and requires the claimant to establish that the alleged deceptive act or practice was directed to the consuming public at large.  See Bangkok Crafts Corp. v. Capitol Di San Pietro In Vaticano, 331 F. Supp. 2d 247, 256 (S.D.N.Y. 2004).  Accordingly, "[p]rivate contract disputes, unique to the parties [do] not fall within the ambit of the statute." Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 85 N.Y.2d 20, 25, 647 N.E.2d 741 (N.Y. 1995).  In so limiting the application of the statute, the New York Court of Appeals stated, "We are mindful of the potential for a tidal wave of litigation against businesses that was not intended by the Legislature. . ." Id., 85 N.Y.2d at 26.  Accordingly, misrepresentations covered by the statute are "limited to those likely to mislead a reasonable consumer acting reasonably under the circumstances." Id. (emphasis added).  Here, so far as Childcraft Defendants are able to tell, the Complaint concerns a private dispute between Plaintiff and Childcraft Defendants.  The Complaint fails to state a claim under N.Y. G.B.L. § 349.

**C.    The "Unfair Competition" Claim Also Fails**

The vague and conclusory allegations of "unfair competition" making up the remainder of the Fourth Cause of Action do not set forth any discernible or distinct claim, and therefore should be dismissed.

**D.    At Minimum, Plaintiff Should Be Compelled to Restate Its Fourth Cause of Action So That Childcraft Defendants Have a Meaningful Opportunity to Respond**

At the very least, Plaintiff should be required to re-plead the "unfair competition" allegations in a more definite statement that gives the Childcraft Defendants meaningful notice of Plaintiff's claims.  See Bangkok Crafts, 331 F. Supp. 2d at 255 (dismissing unfair competition claim).

An order compelling a more definite statement under Fed. R. Civ. P. 12(e) is appropriate when a complaint pleads a viable legal theory, but is so unclear that the opposing party cannot respond to the complaint.  See Pelman v. McDonald's Corp., 396 F. Supp. 2d 439, 443 (S.D.N.Y. 2005).  While Childcraft Defendants do not believe Count IV pleads a viable legal theory for the reasons stated above, Childcraft Defendants must confess that they are unsure just what is alleged in Count IV.  To the extent the Court concludes Count IV articulates some viable theory of recovery, Childcraft Defendants request an order compelling Plaintiff to elucidate that theory.

## IV.   THERE IS NO BASIS FOR THE STAND-ALONE "ATTORNEY FEES" CLAIM

Plaintiff's Sixth Cause of Action seeks "an award of attorney's fees and costs in favor of the Plaintiff and against the defendants."  (Compl. para. 42).  This claim is inappropriate and should also be dismissed.  Absent a specific contractual fee-shifting clause or statutory provision, the general rule is that a prevailing party is not entitled to recover attorney fees from the losing party.  See Hunt v. Sharp, 85 N.Y.2d 883, 626 N.Y.S.2d 57, 649 N.E.2d 1201 (N.Y. 1995) (prevailing litigant ordinarily cannot collect attorney fees from unsuccessful opponents); see also Feeney v. Licari, 131 A.D.2d 539, 516 N.Y.S.2d 265 (N.Y. App. Div. 1987) (addressing statutory basis for attorney fee award).  Plaintiff, however, claims entitlement to attorneys' fees as a result of Childcraft Defendants' alleged breach of fiduciary duties.  (Compl. para. 42; see

<u>also</u> Plaintiff's May 23, 2007 correspondence to the Court).  The Complaint, however, fails to adequately allege the existence of a fiduciary relationship.

In order to pursue a breach of fiduciary duty claim, there must first be a fiduciary relationship between the parties.  <u>See</u> <u>Whitney v. Citibank, N.A.</u>, 782 F.2d 1106, 1115 (2d Cir. 1986).  No such relationship existed here.  A conventional business relationship where the parties deal at arm's length does not create a fiduciary relationship.  <u>See</u> <u>In re Mid-Island Hosp., Inc.</u>, 276 F.3d 123, 130 (2d Cir. 2002); <u>SNS Bank, N.V. v. Citibank, N.A.</u>, 777 N.Y.S.2d 62, 65 (N.Y. App. Div. 2004).  Rather, a fiduciary relationship arises in limited circumstances where "a party reposed confidence in another and reasonably relied on the other's superior expertise and knowledge," such as a relationship between attorney and client, executor and heir, or investment manager and investor.  <u>See</u> <u>Wiener v. Lazard Freres & Co.</u>, 672 N.Y.S.2d 8, 14 (N.Y. App. Div. 1988).  Here, Childcraft agreed to offer the Seat Sack for sale through its catalog and on its website (as it does with hundreds of other products.)  The Distributor Agreement reflects a quintessential arms' length commercial transaction, not the establishment of the sort of intimate relationship of trust that gives rise to fiduciary duties.  Plaintiff's bare and conclusory allegations that Childcraft Defendants acted in a "fiduciary capacity" (Compl. para. 42) do not change that fact.  <u>See</u> <u>In re Livent, Inc. Noteholders Sec. Litig.</u>, 151 F. Supp. 2d at 404 (On a motion to dismiss, "[t]he court need not credit conclusory statements unsupported by assertions of facts or legal conclusions and characterizations presented as factual allegations.").  Plaintiff cannot plead facts showing the existence of a fiduciary relationship, and thus has no basis to demand attorney fees on the basis of such a relationship.

## V.    THE EXISTENCE OF A CONTRACT BARS THE
##        UNJUST ENRICHMENT CLAIM

Plaintiff's Thirteenth Cause of Action asserts a claim for unjust enrichment.  Under New York law, however, an enforceable contract between the parties concerning a particular subject matter precludes recovery in unjust enrichment for claims arising out of that subject matter.  See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70 N.Y.2d 382, 388-89 (N.Y. 1987) (noting that quasi-contractual relief is only available "where there has been no agreement or expression of assent, by word or act, on the part of either party involved"); see also Zito v. Fischbein, Badillo, Wagner & Harding, 831 N.Y.S.2d 25, 35 N.Y.S.2d 306, 307 (1st Dep't 2006) (existence of express oral agreement bars unjust enrichment claim).  Here, paragraphs 80 and 81 of Plaintiff's Complaint simply reiterate and incorporate by reference the previous allegations of the Complaint.  No additional facts are set forth that provide any basis to conclude that Childcraft Defendants was somehow "enriched" through an act of the Plaintiff by any means other than through the Distribution Agreement.  Accordingly, the unjust enrichment claim should be dismissed.

## CONCLUSION

Based on the foregoing, Childcraft Defendants move the Court to dismiss Counts I, II, III, IV, VI, and XIII.  As an alternative to the dismissal of Count IV, Childcraft Defendants request that the Court order Plaintiff to set forth a more definite statement with respect to that claim.

Dated:  June 27, 2007                              Respectfully submitted,

                                                   ORRICK, HERRINGTON & SUTCLIFFE LLP


                                                   By:   s/Richard W. Mark
                                                        Richard W. Mark
                                                        David M. Fine
                                                        666 Fifth Avenue
                                                        New York, NY  10103

                                                        Attorneys for Defendants,
                                                        Childcraft Education Corp. and
                                                        School Specialty, Inc.


OF COUNSEL:

Nicholas A. Kees
Anthony S. Baish
Mark E. Schmidt
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI  53202-3590