

**GODFREY & KAHN** s.c.

ATTORNEYS AT LAW

780 NORTH WATER STREET
MILWAUKEE, WI 53202-3590
TEL 414-273-3500
FAX 414-273-5198
www.gklaw.com

Direct: 414-287-9643
mschmidt@gklaw.com

July 23, 2007

United States District Judge Richard J. Holwell
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

       RE:   <u>Seat Sack, Inc. v. Childcraft Education Corp., et al.</u>
             Case No. 07 CV 3344

Dear Judge Holwell:

    Despite repeated attempts to contact plaintiff's counsel by telephone and via correspondence sent on June 20 and 21, as well as July 3, Childcraft Defendants have been unsuccessful in reaching opposing counsel to confer about the scheduling order.  Consequently, a proposed scheduling order will be electronically filed by Childcraft Defendants.

    Although Childcraft Defendants have not been able to confer with opposing counsel, we understand that Attorney Carroll is confined to a wheelchair owing to injuries suffered in an automobile accident.  Accordingly, while Attorney Fine plans to appear in person, in order to ease the burden on counsel of traveling to the courthouse, we propose that the Court provide the parties with the option of appearing telephonically.  If the Court is so inclined, we have reserved the following call-in number for all parties:  800-901-0312; participant passcode:  4142879643.

             Very truly yours,

             GODFREY & KAHN, S.C.

             Mark E. Schmidt

MES:rmh
cc:   Edward J. Carroll
      Richard W. Mark
      David M. Fine
      Sean M. Beach

mw1349208_2

Richard W. Mark (RM 6884)
David M. Fine (DF 4479)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

SEAT SACK, INC.,                           :

        Plaintiff,                    :

  -against-                                  :

CHILDCRAFT EDUCATION CORP.;     :    CASE NO. 07-CIV-3344 (RJH)(DFE)
US OFFICE PRODUCTS COMPANY;
US OFFICE PRODUCTS NORTH          :
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,                :

       Defendants.                   :

------------------------------------ X

## CHILDCRAFT DEFENDANTS' PROPOSED SCHEDULING ORDER AND CIVIL CASE MANAGEMENT PLAN

Defendants Childcraft Education Corp. and School Specialty, Inc. ("Childcraft Defendants") hereby submit their proposed scheduling order and civil case management plan pursuant to the Court's May 18, 2007 Order and Fed. R. Civ. P. 26(f).

### A.    DESCRIPTION OF THE CASE

    *i.    Attorneys of Record for Each Party*

        Plaintiff is represented by Edward J. Carroll, Law Offices of Edward J. Carroll, 2733 Route 209, Kingston, New York, 12401.

Childcraft Defendants are represented by Attorneys Richard W. Mark and David M. Fine of Orrick, Herrington & Sutcliffe, LLP, 666 Fifth Avenue, New York, New York, 10103 as well as Anthony S. Baish, Nicholas A. Kees, and Mark E. Schmidt of Godfrey & Kahn, S.C., 780 North Water Street, Milwaukee, Wisconsin, 53202 who have moved for admission *pro hac vice*. Attorney Baish will serve as lead trial counsel for Childcraft Defendants.

Defendants US Office Products Company and US Office Products North Atlantic District no longer exist. The successor in interest to those entities is USOP Liquidating, LLC, the special purpose entity approved by the United States Bankruptcy Court for the District of Delaware to administer, liquidate and distribute the assets of USOP. USOP Liquidating LLC has not filed an Answer, but filed a Suggestion of Bankruptcy with the Court on May 29, 2007 through its counsel, Sean M. Beach of Young Conaway Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, Wilmington, Delaware, 19801.

ii.    *Basis for Federal Jurisdiction*

Plaintiff Seat Sack alleges ownership of a United States Patent and Childcraft Defendants' Infringement of the Patent. Pursuant to 28 U.S.C. § 1338, the District Court has original and exclusive jurisdiction over plaintiff's patent claim, and pursuant to 28 U.S.C. § 1331, the District Court has original jurisdiction over all civil actions arising under the laws of the United States. Plaintiff also asserts claims under 15 U.S.C. §§ 1051, 1114 and 1125, over which the District Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. The District Court has supplemental jurisdiction over plaintiff's remaining

claims pursuant to 28 U.S.C. § 1367(a).

*iii.     Claims and Counterclaims*

This case arises out of a contract between Plaintiff Seat Sack, Inc. and Childcraft Defendants to distribute the "Seat Sack," a storage device that drapes over the back of a schoolchild's chair.

Plaintiff's complaint contains the following claims: fraud in the inducement (Count I); fraud (Count II); conversion (Count III); deceptive trade, unfair business practices, misappropriation of trade secrets and unfair competition (Count IV); breach of contract (Count V); attorney's fees (Count VI); patent infringement (Count VII); trademark infringement (Count VIII-X); violation of New York General Business Law 360-1 (Counts XI-XII); and unjust enrichment (Count XIII).

Although Plaintiff alleges thirteen separate causes of action, the essence of the complaint is that Childcraft Defendants breached the distribution agreement by, among other things, developing and marketing a product, the "Seat Pocket," that allegedly competed with the Seat Sack and infringed Plaintiff's United States design patent.

Childcraft Defendants' counterclaim seeks a declaratory judgment finding non-infringement of Plaintiff's design patent and that the design patent is invalid.

*iv.     Major Legal and Factual Issues*

The major factual and legal issues in this case are as follows: whether Childcraft Defendants breached their contract with plaintiff; whether the alleged

patent infringement and trademark infringement occurred; damages; and whether
Plaintiff's design patent is valid.

In addition, Childcraft Defendants' pending motion to dismiss addresses:
application of the economic loss doctrine to bar Plaintiff's tort claims because
Childcraft Defendants' alleged duties are solely contractual; the requirement that
fraud be pled with particularity; whether the conversion claim should be
dismissed as a matter of law; and whether the stand-alone claim for "attorney
fees" is appropriate.

v.    *Relief Sought*

Plaintiff seeks injunctive relief, compensatory damages, punitive damages,
and an award of attorney fees. The complaint demands $5,000,000.00 in
compensatory damages and $15,000,000.00 in punitive damages.

Childcraft Defendants seek declaratory relief.

**B.    Proposed Case Management Plan**

i.    *Pending Motions*

Childcraft Defendants' motion to dismiss and motion for a more definite
statement is currently pending before the Court.

ii.    *Cut-Off Date for Joinder of Additional Parties*

Additional parties shall be joined by August 15, 2007.

iii.    *Cut-Off Date for Amendments to Pleadings*

Amendments to pleadings shall be made on or before September 1, 2007.

iv.     *Discovery*

    a.    Rule 26(a)(1) disclosures shall be made by August 15, 2007.

    b.    Fact Discovery

    All fact discovery shall be completed by December 1, 2007.

    c.    Rule 26(a)(2) Disclosures

    All Rule 26(a)(2) disclosures shall be made by September 15, 2007 by the party bearing the burden of proof on the matters to be addressed by the expert in question, and by November 1, 2007 by the party not bearing this burden and/or with respect to rebuttal experts.

    d.    Expert Discovery Completion Date

    All expert discovery shall be completed by December 31, 2007.

v.     *Dispositive Motions*

All dispositive motions shall be filed by February 1, 2008.

vi.     *Final Pretrial Order*

The final pretrial order shall be filed by April 1, 2008.

vii.     *Trial Schedule*

    a.    Jury Trial

    Plaintiff has not requested a jury trial in accordance with Fed. R. Civ. P. 38(b).

          b.       Length of Trial

Childcraft Defendants anticipate that the trial can be completed in two or three days.

          c.       When Case Will be Ready for Trial

The case will be ready for trial as of June 2, 2008.

**C.**      **Consent to Proceed Before Magistrate Judge**

Childcraft Defendants consent to proceed before a Magistrate Judge.

**D.**      **Settlement Discussions**

*i.*      *Previous Settlement Discussions*

The parties have not conducted any settlement discussions.

*ii.*      *Settlement Conference*

Childcraft Defendants do not request a settlement conference at this time, although such a conference might be useful after the completion of some discovery.

Dated:  July  23 , 2007                    Respectfully submitted,

                                           ORRICK, HERRINGTON & SUTCLIFFE LLP

                                           By: _____
                                               Richard W. Mark (RM 6884)
                                               David M. Fine (DF 4479)
                                               666 Fifth Avenue
                                               New York, NY  10103

                                               Attorneys for Defendants,
                                               Childcraft Education Corp. and
                                               School Specialty, Inc.

OF COUNSEL:

Nicholas A. Kees
Anthony S. Baish
Mark E. Schmidt
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI  53202-3590


                              **ORDER**

        It is so Ordered.

        Dated:  _____


                              _____
                              Richard J. Holwell
                              United States District Judge