EDWARD J. CARROLL, ESQ.
2733 Route 209
Kingston, New York  12401
Telephone: 845-338-5977
Facsimile:  845-338-5975

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAT SACK, INC.,

                              Plaintiff,

     -against-                                    **AFFIDAVIT**

CHILDCRAFT EDUCATION CORP.;
US OFFICE PRODUCTS COMPANY;           Case No. 07-CV-3344 (RJH)(DFE)
US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK)
COUNTY OF ULSTER  ) ss.:

     EDWARD J. CARROLL, being duly sworn, deposes and says:

     1.  I am an attorney duly admitted to practice before this Court and represent the

plaintiff herein.  I submit this affidavit and the affidavit of Ann McAlear sworn to on

the 12th day of March, 2007, in opposition to a motion to dismiss pursuant to Federal

Rules of Civil Procedure 9(b) and 12(b)(6), brought on by defendants, CHILDCRAFT

EDUCATION CORP. (hereinafter referred to as "CHILDCRAFT") and SCHOOL

SPECIALTY, INC. (hereinafter referred to as "SCHOOL SPECIALTY"), and in

- 1 -

support of the relief sought in plaintiff's, SEAT SACK's, annexed cross-motion, both

of which are returnable before the HONORABLE RICHARD J. HOLWELL, United

States District Judge, in the United States Courthouse for the Southern District of New

York, 500 Pearl Street, Courtroom 17B, New York, New York 10007-1312, on August

8, 2007, or any date thereafter convenient to the Court and parties.

2. On or about March 5, 2007, plaintiff commenced the instant lawsuit in the

Supreme Court of the State of New York, County of New York. Thereafter, following

service, "CHILDCRAFT" and "SCHOOL SPECIALTY" moved to remove this case

to the United States District Court of the Southern District of New York. Defendants,

US OFFICE PRODUCTS COMPANY and US OFFICE PRODUCTS NORTH

ATLANTIC DISTRICT, INC., filed for bankruptcy protection and have not appeared.

To date, no voluntary disclosure has been made by the defendants pursuant to FRCP

Rule 26, nor have the parties been able to agree on a proposed case management plan

to allow for the scheduling of discovery and depositions.

3. Notwithstanding the foregoing, defendants' counsel, without any sufficient

evidence or testimony, now moves this Court for an order dismissing plaintiff's

complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The only documentation produced is plaintiff's verified complaint and a one page

document entitled "Childcraft Education Corp. Exclusives Growing Years Catalog".

In essence, defendants' claim is simply that plaintiff's complaint fails to state a claim

upon which relief can be granted.

- 2 -

4. Defendants acknowledge that the Court should accept all of the allegations contained in plaintiff's complaint as "true" for the purposes of this motion. Furthermore, defendants, contrary to their notice of motion, do not seek to dismiss all causes of action contained in plaintiff's complaint. Instead, defendants' counsel are only moving to dismiss those causes of action which allege fraud, conversion, "deceptive trade practices", "attorney's fees" and unjust enrichment upon their claim that they fail as a matter of law and should be dismissed. Nothing can be further from the truth.

5. Defendants' counsel have not allowed plaintiff any discovery, to date, nor has the plaintiff been allowed to depose any of the defendants' officers or principals. Therefore, this motion is premature. Defendants, while denying plaintiff any discovery, are attempting to "gut" plaintiff's complaint before plaintiff has had any opportunity to obtain and provide those particulars. For this reason alone, defendants' motion should be summarily denied at this stage of the litigation. If any relief is granted, plaintiff should be allowed the opportunity to amend its pleadings.

6. Contrary to defendants' claims, it is respectfully submitted that plaintiff's causes of action for fraud, conversion, "deceptive trade practices", "attorney's fees" and unjust enrichment are sufficiently set forth in plaintiff's complaint and are not vague. Although drawn originally for the State Court, and based to some extent upon information and belief, sufficient facts are set forth in plaintiff's complaint. Any additional details of the defendants' participation in the torts for which they now seek

- 3 -

dismissal are totally within those principals' knowledge and discovery should be permitted. Dismissal, without an opportunity for discovery, would be unjust.

7. Plaintiff further alleges that "CHILDCRAFT" is totally owned and controlled by "SCHOOL SPECIALTY" and acts at its direction. This fact is established by the defendants' own correspondence. (See Exhibit "F"). Defense counsel also does not dispute that both defendants are in the business of marketing and distributing educational aides, products and supplies to educational institutions. Defense counsel, likewise, does not dispute that in late 1999, at least one of defendants, "CHILDCRAFT", entered into an agreement whereby it agreed that it would serve as a distributor of "Seat Sack", a product developed by plaintiff, SEAT SACK, INC., for which the plaintiff holds a patent. "Seat Sack" is an organizational device which is secured to the back of a student's chair and contains compartments to organize the student's supplies. Defense counsel also admits, for purposes of this motion, that "CHILDCRAFT" promised to act as plaintiff's fiduciary and in plaintiff's best interest in distributing the "Seat Sack"; to timely account for and remit all payments from the sales of "Seat Sack"; to not manufacture or distribute any product that competes with "Seat Sack"; and to protect plaintiff's United States design patent as well as plaintiff's State and Federal trademark rights. (See page 3 of defendants' memorandum of law). It is by virtue of this fiduciary relationship, breached by the defendant, and its further acts of defrauding the public by substituting its own "knock off product", for the plaintiff's product, that the plaintiff now brings suit against these defendants.

- 4 -

8.    Plaintiff's complaint alleges that while defendant, "CHILDCRAFT", was acting under the control of "SCHOOL SPECIALTY", and in a fiduciary capacity, as plaintiff's distributor, with the promise to use due diligence and good faith in selling plaintiff's product, and to refrain from competition and after plaintiff had allowed defendant to include its product in defendant's catalog, with a notice to purchasers that additional orders could be made through the defendant's company, "CHILDCRAFT" secretly manufactured a "knock-off product" known as a "Seat Pocket" and established a web site to defraud the plaintiff. The defendant then utilized plaintiff's trade name and this product to attract customers for the sale of its own "knock-off product" known as a "Seat Pocket", which it sold in direct competition to the plaintiff. When a user searched the internet for the word "Seat Sack", instead of using due diligence to promote plaintiff's product, the defendant established a web site which automatically transferred the customer to its own "knock-off product" known as a "Seat Pocket". The website then presented the customer with a misleading name and description together with an artificially rigged purchase price, whereby plaintiff's product was purportedly being sold at a greater price than defendants' own "knock-off product". As a result of the foregoing, the customer was ultimately misled into believing that he or she was purchasing the plaintiff's product, when, in fact, he or she was purchasing the defendants' "knock-off copy", or, that he or she was purchasing a cheaper, but same product. After the purchase, defendants' "knock-off product" was then supplied, and the profits were retained by the defendants. These actions, carried out without the knowledge and consent of plaintiff, resulted in a breach of a fiduciary

- 5 -

duty owed to plaintiff. These breaches were committed while the defendants were

acting as plaintiff's distributing agent and, constituted "self-dealing" in that defendants

utilized plaintiff's good will, trade name and patented product to sell its own "knock-

off product" in direct competition with plaintiff. The defendants' acts also induced

breaches of contract with plaintiff's established customers whereby the defendants

realized vast profits at the plaintiff's expense.

9. The defendants would have this Court believe that this is simply an action for a

breach of contract, trade mark infringement and patent infringement. Defendants

claim that plaintiff's causes of action for fraud, conversion, "deceptive trade

practices", "attorney's fees" and unjust enrichment fail as a matter of law and should

be dismissed.

10. Plaintiff is not suing, alone, upon a claim for a failure to provide contractual

promises, as would be in the case of the defendants in failing solely to use due

diligence in the sale of the "Seat Sack". Instead, independently of the contract,

defendants have extrinsicly carried out a scheme of "self-dealing" to defraud the

plaintiff and numerous other contributing suppliers, together with the general public.

These independent tortuous acts were done to fraudulently obtain the good will and

value of the trade name of plaintiff's product, while counterfeiting it, and then utilizing

misleading and deceptive advertising to sell that counterfeit and to retain those profits.

The defendants' independent actions have converted sales and proceeds which should

have gone to plaintiff, instead of into the defendants' coffers. Public confusion is

clearly set forth in the facts of this case which support plaintiff's causes of action for

- 6 -

unfair competition, fraud, conversion, and unjust enrichment. Control of the plaintiff's product and advertising was provided to the defendants in good faith. This good faith and the plaintiff's rights were violated as a result of the independent illegal acts of the defendants and their ongoing acts of deception in creating a "knock-off product"; establishing a website to mislead and induce customers to purchase defendants' "knock-off product", in direct competition with plaintiff's patented "Seat Sack"; and their retention of those profits, which are independent acts, beyond their contractual obligations for which they may be independently prosecuted.

11.    These independent acts were extrinsic to their obligations under the contract cause of action and stand alone. This is not simply a breach of contract where plaintiff is alleging that the defendants failed to diligently sell their product and included in their catalog. The independent acts of the defendants in obtaining an exclusive license to sell plaintiff's product, among others, and then creating a counterfeit "knock-off product" which they sold under a misleading name to the public, as plaintiff's product, and the retention of those profits constitute independent fraudulent acts which, without the contract, stand alone.

12. The affidavit of Ann McAlear sworn to on the 21st day of March, 2007 provides this Court with admissible evidence that the plaintiff has a reasonable chance of success, and that unless a preliminary injunction is granted, the plaintiff will suffer irreparable damage. Furthermore, the defendants have not shown this Court that they will suffer any damage if such relief were to be granted. For those reasons, a

preliminary injunction for the relief sought by plaintiff more particularly described in

the annexed notice of cross-motion should be in all respects granted.

13.  Plaintiff respectfully submits the accompanying memorandum of law in support

of that position.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that the

relief sought in the defendants' motion be in all respects denied and that the relief

sought in the plaintiff's cross-motion be in all respects granted, together with such

other and further relief as to the Court may deem just and proper under the

circumstances.

_____
EDWARD J. CARROLL

Sworn to before me this
24th day of July, 2007.

_____
NOTARY PUBLIC

Debra L. Leacock
Notary Public, State of New York
Qualified in Ulster County
Commission Expires January 14, 2011

TO:  ORRICK, HERRINGTON & SUTCLIFF, LLP
     Att:  RICHARD W. MARK, ESQ. and DAVID M. FINE, ESQ.
     Attorneys for Defendants, CHILDCRAFT EDUCATION CORP.
     and SCHOOL SPECIALTY, INC.
     666 Fifth Avenue
     New York, New York  10103

- 8 -

GODFREY & KAHN, S.C. (OF COUNSEL)
Att: ANTHONY S. BAISH, ESQ., MARK E. SCHMIDT, ESQ.
and NICHOLAS A. KEES, ESQ.
Attorneys for Defendants, CHILDCRAFT EDUCATION CORP.
and SCHOOL SPECIALTY, INC.
780 North Water Street
Milwaukee, Wisconsin 53202

YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
Att: SEAN M. BEACH, ESQ.
Attorneys for USOP LIQUIDATING LLC (f/k/a US OFFICE
PRODUCTS COMPANY and US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.)
P.O. Box 391
Wilmington, Delaware 19899