SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x

SEAT SACK, INC.,                                                  AFFIDAVIT

               Plaintiff,

  -against-                                         Index #103040/07
                                                        RJI #
CHILDCRAFT EDUCATION CORP.; US OFFICE      Assigned Judge:
PRODUCTS COMPANY; US OFFICE PRODUCTS
NORTH ATLANTIC DISTRICT, INC.; and SCHOOL
SPECIALITY, INC.,

              Defendants.
------------------------------------------------------------x

STATE OF FLORIDA    )
COUNTY OF COLLIER  ) ss.:

    ANN MCALEAR, being duly sworn, deposes and says:

    1. That I am the president of plaintiff, Seat Sack, Inc., and have personal knowledge of the facts which form the basis of the above entitled lawsuit. I submit this affidavit in support of the relief sought in the annexed Notice of Motion.

    2. For sake of brevity, your deponent repeats and reiterates each and every allegation contained in plaintiff's annexed verified complaint with the same force and effect as if those allegations were more fully set forth at length herein. A copy of plaintiff's complaint is annexed hereto and made a part hereof

- 1 -

as Exhibit "A".

3. That your deponent established, organized and has acted as an officer, member of the board of directors and stockholder of SEAT SACK, INC. since its inception on or about June, 1999.

4. That your deponent is also the holder of an United States Patent bearing number Des. 358,731, dated May 30, 1995. I have always authorized SEAT SACK, INC. to utilize this patent in the manufacture and sale of a certain device known under its protected trademark name as "Seat Sack". This device is used for the storage of school supplies by students and attaches to the back of a student's chair. This device allows the student to organize his or her school supplies in various compartments contained therein. A copy of the foregoing patent is annexed hereto and made a part hereof as Exhibit "B".

5. That SEAT SACK, INC. manufactures and sells this device to private and public school districts throughout the world and this product is its primary source of income.

6. On or about November, 1999, plaintiff, SEAT SACK, INC. entered into a non-exclusive agreement with defendant, CHILDCRAFT EDUCATION CORP. for the distribution of plaintiff's trademarked and patented protected device to private and municipal school districts throughout the State of New

York, the United States of America, and numerous foreign markets.

7. SEAT SACK, INC., by virtue of this agreement, authorized CHILDCRAFT EDUCATION CORP. to act as its distributing agent for this product and to include it in the defendant's catalog for wholesale and retail sales to municipal and private school districts.

8. Upon information and belief, CHILDCRAFT EDUCATION CORP. is a subsidiary of and/or has acted for this purpose in concert with defendants, US OFFICE PRODUCTS COMPANY, US OFFICE PRODUCTS NORTH ATLANTIC DISTRICT, INC. and SCHOOL SPECIALITY, INC.

9. CHILDCRAFT EDUCATION CORP., through its officers, has always represented that it would use its best efforts to protect plaintiff's product from unfair business practices; that it would not compete with plaintiff; and that it would diligently promote sales of "Seat Sack" while acting as plaintiff's distributing agent. Relying upon those representations, plaintiff notified every purchaser of a "Seat Sack" that CHILDCRAFT was acting as its distributor by endorsing a notice on that product informing them that re-orders for "Seat Sack" could be obtained through CHILDCRAFT EDUCATION CORP.

10. However, your deponent has recently become aware that while CHILDCRAFT EDUCATION CORP. was purportedly acting as plaintiff's

distributor, it also began manufacturing a "knock off" of plaintiff's product known as a "Seat Pocket". In 2004, CHILDCRAFT EDUCATION CORP. requested a tariff classification for this product from China and Taiwan (see Exhibit "F"). The defendants, without the permission of the plaintiff, are selling this "knock off" product which is identical to plaintiff's "Seat Sack" in name, form, and function, instead of distributing plaintiff's "Seat Sack". These sales are being accomplished by misleading, unfair business practices and in direct competition with the plaintiff. This is not an isolated practice. Based upon an investigation conducted by your deponent, the defendants are not only violating the rights of plaintiff but also other manufacturers and all of their consumers by distributing "knock off" versions of their products (see Exhibit "C").

11. The duplication of plaintiff's product by "knock off" design and name is confusing to the public and purchasers are being deceived in believing that they are purchasing a "Seat Sack" when they are actually being sold defendants' "Seat Pocket".

12. To accomplish these sales, CHILDCRAFT EDUCATION CORP., while acting in concert with the other defendants, has improperly established a website which transfers any inquiries made by purchasers seeking plaintiff's "Seat Sack" to a website where only CHILDCRAFT's own "knock off" product,

known as a "Seat Pocket" is for sale. This practice is clearly deceptive and in direct competition with plaintiff's product which the defendants should be using good faith to distribute. A copy of defendants' website referred to is annexed hereto and made a part hereof as Exhibit "D".

13. In addition, CHILDCRAFT, while acting as plaintiff's distribution agent has artificially raised the price of plaintiff's "Seat Sack" in the market place while at the same time it is distributing its own "Seat Pocket" at a lower price. This practice unfairly prohibits any competition by "Seat Sack" and allows the defendants to convert all of the profits from those sales for their own purposes.

14. Plaintiff recently became the successful bidder with the New York City Department of Education (see Exhibit "E"). However, sales did not materialize as expected. Your deponent has learned that the defendants are continuing to use plaintiff's trademark "Seat Sack" to gain access to this market and other public municipal school districts by misrepresenting that their "knock off" product known as a "Seat Pocket" is the same as plaintiff's "Seat Sack". By use of this deceptive practice, CHILDCRAFT is gaining eligibility for these sales and is reaping the benefit of plaintiff's advertising campaigns, patented design and good will. Representatives of schools all over the country are

ordering "Seat Sacks" on their computer systems but the name of "Seat Sack" is being manipulated on their school e-catalog searches by the defendants via unfair business practices and in violation of plaintiff's patent and trademark rights. Defendants are claiming that their "knock off" product is the same as plaintiff's "Seat Sack" by advertising their "knock off" product as a "Seat Sack cc edu". Not only is this practice in direct breach of its fiduciary duty owed to plaintiff to use good faith and reasonable efforts to distribute and market plaintiff's product, such deceptive practice is also in direct competition with plaintiff's tradename by confusing the public. This unlawful practice has rendered plaintiff's expenditure of thousands of dollars to protect its product by advertising and marketing worthless.

15. In March 2006, your deponent was informed by the New York City School District that only plaintiff's patented "Seat Sack" was being put on the bidding list. After the bids were opened, your deponent was informed that SEAT SACK, INC. was the lowest bidder. Notwithstanding the foregoing, no sales were generated, contrary to plaintiff's expectations. I then acquired a fax of a computer screen being used by a New York City school teacher (see Exhibit "E"). This teacher had contacted your deponent to ask why plaintiff's prices were different in her computer than the prices we advertised elsewhere. These

types of inquiries and confusion by the public have continued due to the unfair labor practices of the defendants. As you can see from Exhibit "E", the teacher had searched "Seat Sack" and was immediately transferred to a product known as "Seat Sack cc edu". This referral and marketing practice, by defendants, transfers a user looking for "Seat Sack" to a product known as "Seat Sack cc edu" which is actually CHILDCRAFT's "knock off" product known as a "Seat Pocket".

16. Such misrepresentations have caused plaintiff to sustain lost sales in excess of several million dollars and plaintiff and has no adequate remedy at law.

17. "Seat Sack, Inc." is a small family owned business which relies upon the sales of the "Seat Sack" as its total source of income. It is patently improper for the defendants, as large corporations to ignore their fiduciary responsibility to plaintiff by intentionally sabotaging its sales.

18. Without the issuance of a preliminary injunction during the pendency of this action, granting the relief sought in the annexed Notice of Motion, the plaintiff will be forced out of business due to the continuation of illegal "knock off" sales by CHILDCRAFT. If that occurs, this lawsuit will be rendered moot

before any final relief can be obtained. Obviously, defendants' actions are in direct conflict with their duties as distributors for plaintiff's protected product.

19. The preliminary relief sought herein should be granted in order to avoid irreparable harm to the plaintiff during the pendency of this lawsuit.

20. That no prior application for the relief sought herein has been made to any other Court or Judge.

WHEREFORE, for all of the foregoing reasons, it is respectfully requested that the relief sought in the annexed Notice of Motion be in all respects granted.

                                      ANN MCALEAR

Sworn to before me this 21st day of March, 2007.

_____
NOTARY PUBLIC

BARBARA ADONY



BARBARA H. ADONY
Notary Public - State of Florida
My Commission Expires Nov 1, 2010
Commission # DD 611070
Bonded Through National Notary Assn.
- 8 -