EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAT SACK, INC.,                                        SUMMONS
                                                        WITH NOTICE
            Plaintiff,
      -against-                                         Index # 103040/07
                                                        Date Filed: 3/5/2007
CHILDCRAFT EDUCATION CORP.; US OFFICE
PRODUCTS COMPANY; US OFFICE PRODUCTS
NORTH ATLANTIC DISTRICT, INC.; and SCHOOL
SPECIALITY, INC.,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**NEW YORK
COUNTY CLERK'S OFFICE**

**MAR 5 – 2007**

TO THE ABOVE NAMED DEFENDANTS:    **NOT COMPARED
WITH COPY FILED**

      YOU ARE HEREBY SUMMONED to answer the complaint in this

action and to serve a copy of your answer, or, if the complaint is not served with

this summons, to serve a notice of appearance, on the plaintiff's attorney(s)

within 20 days after the service of this summons, exclusive of the day of service,

(or within 30 days after the 10service is complete if this summons is not

personally delivered to you within the State of New York); and in case of your

failure to appear or answer, judgment will be taken against you by default for

the relief demanded herein.

Plaintiff designates New York County as the place of trial. The basis of venue is that defendant, CHILDCRAFT EDUCATION CORP., is a domestic corporation organized in the County of New York under and by virtue of the Laws of the State of New York. Defendants, US OFFICE PRODUCTS COMPANY, US OFFICE PRODUCTS NORTH ATLANTIC DISTRICT, INC., and SCHOOL SPECIALITY, INC., are foreign corporations authorized to and/or doing business within the County of New York and State of New York.

Dated: February 6, 2007

Yours, etc.

EDWARD J. CARROLL, ESQ.
Attorney for Plaintiff
2733 Route 209
Kingston, New York 12401
(845) 338-5977

Notice: The object of this action involves breach of contract, fraud, conversion, misappropriation of trade secrets, unfair competition, and unjust enrichment.

The relief sought is monetary damages and injunctive relief.

Upon your failure to appear, judgment will be taken against you for the sum of $5,000,000.00 as and for compensatory damages and $15,000,000.00 as and for tremble, exemplary and punitive damages all with interest from November 1, 1999 and the costs and disbursements of this action.

- 2 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAT SACK, INC.,                                    VERIFIED
                                                    COMPLAINT
                    Plaintiff,
         -against-                                  Index # 103040/07
                                                    Date Filed:
CHILDCRAFT EDUCATION CORP.; US OFFICE               3/5/2007
PRODUCTS COMPANY; US OFFICE PRODUCTS
NORTH ATLANTIC DISTRICT, INC.; and SCHOOL
SPECIALITY, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


        Plaintiff, complaining of the defendants, by its attorney, EDWARD J.

CARROLL, ESQ., as and for its verified complaint respectfully sets forth and

alleges as follows:

        1. Plaintiff, SEAT SACK, INC., was and still is at all times hereinafter

mentioned:

                A. A foreign corporation organized under and by virtue of the

laws of the State of Florida having a principal place of business situated at

5910 Taylor Road, in the City of Naples, State of Florida 34109, and a mailing

address of P.O. Box 9732, Naples, Florida 34101; and

                B. Established for the purpose of engaging in the business of

manufacturing and selling, by wholesale and retail marketing, a certain

product known as a "Seat Sack" which is used by pupils to organize their school supplies by hanging plaintiff's device over the back of their chair(s) and utilizing individual pouches contained therein for storage of school supplies, including but not limited to books, pencils, pens, etc.

2. At all times herein mentioned, plaintiff's aforementioned device was known to the defendants to be protected under and by virtue of State and Federal Law, including but not limited to the United States Patent Number: Des. 358, 731 issued to plaintiff on or about May 30, 1995.

3. Upon information and belief and at all times hereinafter mentioned, defendants, CHILDCRAFT EDUCATION CORP., was and still is a domestic corporation organized under and by virtue of the laws of the State of New York on or about October 24, 1952 in the County of New York, State of New York which maintains a principal place of business situated at 2918 Old Tree Drive, Lancaster, PA 17603.

4. Upon information and belief and at all times hereinafter mentioned, defendant, CHILDCRAFT EDUCATION CORP., did and still does authorize C T Corporation System, 111 8th Avenue, New York, New York 10011 to act as its designated agent for the service of legal process.

5. Upon information and belief and at all times hereinafter mentioned, defendants, US OFFICE PRODUCTS COMPANY and US OFFICE

- 2 -

PRODUCTS NORTH ATLANTIC DISTRICT, INC., are both foreign corporations which were incorporated in the State of Delaware and authorized to do business in the State of New York with a designated agent for service of process at 440 New York Avenue Northwest, Suite 310, Washington, DC 20005. SCHOOL SPECIALITY, INC., is a foreign corporation originally incorporated in the State of New York and thereafter discontinued and then incorporated in the State of Delaware but which is authorized to do business in the State of New York with a designated agent for service of process at C T Corporation System, 111 8th Avenue, New York, New York 10011.

6.    That at all times hereinafter mentioned herein, all of the above named defendants have acted in concert with CHILDCRAFT EDUCATION CORP. in committing those acts against plaintiff as are alleged hereinafter herein.

7.    Upon information and belief and at all times hereinafter mentioned, each of the defendants have/has held itself/themselves out to the general public, including plaintiff, as a distributor(s) for the wholesale and retail sale of various school products and services, including plaintiff's aforesaid "Seat Sack" organizer, to municipal and private schools, their districts, and/or their authorized agents and/or employees throughout the world, including the United States of America and specifically within the State of New York, for use in their daily educational curriculum.

- 3 -

8.  Upon information and belief and at all times herein mentioned, the defendants did transact business within the State of New York and/or did commit a tortious act within that state, and/or did commit a tortious act without that State, all causing injury and damages to the plaintiff and/or did enter into a agreement with plaintiff which is the subject of this litigation within that State and regularly does or solicits business, or does engage in any other persistent course of conduct, and/or derives substantial revenue from goods used or consumed or services rendered in the State of New York, and/or expects or should reasonably expect that its acts will have consequences in the State of New York and/or derives substantial revenue from interstate or international commerce and/or owns, uses or possesses real property situated within the State of New York.

9.  Upon information and belief, at all times hereinafter mentioned, defendants have transacted and/or continue to transact business in the County of New York and the State of New York and are subject to the jurisdiction of this Court.

10.  This action arises under the Federal Trademark Act, 15 U.S.C. Section 1051, et seq., and other laws adopted by the State of New York, including but not limited to the Uniform Fiduciaries Act; unfair trade practices and unlawful packaging trade; and unfair competition; and Section 360-l of the

- 4 -

General Business Law of the State of New York. Subject matter jurisdiction

over this action is also conferred upon this Court by 15 U.S.C. Sections 1121

and 1125, 28 U.S.C. Section 1331 and 28 U.S.C. Section 1338 and jurisdiction

pendent thereto.

### AS AND FOR A FIRST CAUSE OF ACTION IN BASED IN FRAUD IN THE INDUCEMENT IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENANTS

11.  Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through "10" of plaintiff's

complaint as if those allegations were fully set forth at length herein.

12.  On, about or during the month of November, 1999, plaintiff, as a

result of fraudulent misrepresentations made by defendants and/or its

employees while acting within the scope of their authority and in furtherance of

the business interests of said defendants, did enter into an agreement with the

defendants, whereby plaintiff agreed to allow the defendants to act as its

distributor for present and future sales of plaintiff's aforesaid "Seat Sack", and

defendants agreed to so act, in a fiduciary capacity and on behalf of plaintiff, as

plaintiff's distributor for this product to municipal and private schools, their

districts, and/or their authorized agents and/or employees throughout the world,

including the United States of America and specifically within the State of

- 5 -

New York, for use by their pupils in their daily educational curriculum.

13. Upon information and belief, on, about or immediately proceeding the making of the aforesaid agreement, defendants, through its/their agents and/or employees, fraudulently represented to the plaintiff, for the sole purpose of inducing the plaintiff to enter into the aforesaid agreement, and with the intent to deceive, cheat and defraud plaintiff, and with full knowledge that the statements so made by them were not true, that:

A. The defendants would at all times act as plaintiff's fiduciary and distributor and would protect and promote the best interests of plaintiff and its aforesaid product; that defendants would faithfully adhere to and perform all of its/their obligations under the aforesaid agreement; and would distribute plaintiff's product in a good faith and diligent manner, and would promote plaintiff's product in all markets via promotional and catalog sales; and

B. All payments obtained as a result of any sale of plaintiff's aforesaid product would be timely made and accounted for; that defendants would carry out the distribution of plaintiff's product(s) using good business distribution practices; and would protect plaintiff's product as a protected patented device; would protect and promote plaintiff's property right in said device; that all of the plaintiff's existing and future customers would be serviced in the same manner and at the same rates and prices; that new sales

- 6 -

and markets for plaintiff's aforesaid product would be pursued by defendants on behalf of the plaintiff within and without the country; that defendants would not compete in the manufacture and/or distribution of said product or any likeness thereof, nor commit a breach of its fiduciary duty by entering into contracts for said product or any likeness thereof with any existing or future customers desiring plaintiff's product or any facsimile thereof; and that the defendants would at all times protect the integrity and solvency of the plaintiff's product and business; and

C. That the defendants would not act in any manner contrary to its fiduciary capacity as a distributing agent for the plaintiff's product; and

D. That plaintiff's business and/or its product(s) protected by a registered patent and/or trademark and/or its mark would be accurately promoted and protected in the general market for the benefit of the plaintiff.

14. On or about November, 1999, plaintiff herein wholly believing and relying upon the aforesaid statements and representations so made by the defendants and having no opportunity to ascertain the proof of any falsity thereof prior to the commencement of their agreement, did enter into an agreement with defendants whereby plaintiff did hold out the defendants to be its lawful distributor and non-exclusive licensee; and did allow the defendants to include plaintiff's product in their catalog and advertisements and did

- 7 -

thereafter provide "Seat Sacks" to defendants for subsequent sale to the general public, including the aforesaid private and municipal school districts and their agents and/or employees, up to and including August, 2004, and has sporadically continued to do so up to and including the present.

15. Upon information and belief, at the time of the making of the aforesaid agreement, defendants had notice of each and every term and condition and representation so made by its representatives and knew that the plaintiff was relying thereon.

16. Upon information and belief, each and every statement, representation, covenant and promise so made by defendants herein was false and untrue and known by the defendants to be so at the time said statement was made and all of said statements were intentionally and fraudulently made with the intent to cheat and defraud the plaintiff herein.

17. That from the inception of defendants' knowledge and possession of the plaintiff's aforesaid product and contact with plaintiff's customers and market, defendants have failed to perform its/their obligations under its aforesaid distributorship agreement and has/have acted in breach of its/their fiduciary responsibility to plaintiff.

18. That defendants' unlawful acts committed since 1999 were done with gross malice and without the knowledge and consent of plaintiff and

- 8 -

represent a continuing course of conduct against plaintiff and other entities similarly situated. These acts included but were not limited to the following:

A. That defendants did create a "knock off product" in direct competition to plaintiff's "Seat Sack" which was known as a "Seat Pocket" which was identical to plaintiff's "Seat Sack" and did advertise and solicit, for the manufacture and/or distribution and sale of same to, from and within the countries of China and Taiwan and the United States; and

B. That defendants did also establish and create an internet website for the manufacture, sale and distribution of the aforesaid "knock off product" which automatically transferred a customer searching for plaintiff's "Seat Sack" to defendants' site which provided all information necessary to purchase defendants' "Seat Pocket". The foregoing acts were done for the purpose of inducing breaches of contract between plaintiff and its prior, existing and/or future customers and/or for the confusion and deception of the general public which believed that they were purchasing plaintiff's product; and

C. Defendants further did, without just cause, artificially increase the purchase price of plaintiff's product that it was distributing as plaintiff's fiduciary in an amount greater than the purchase price of its own "Seat Pocket" to induce its customers to purchase its product and to deprive the plaintiff of any opportunity to compete in the open market; and

- 9 -

D.  That defendants consistently misled and manipulated the

plaintiff's customers into believing that they were purchasing plaintiff's

product when they were actually purchasing defendants' product; and

E.  Defendants withheld knowledge of its foregoing unfair business

practices from the plaintiff to preclude plaintiff from competing with sales of

defendants' "knock off product", although defendants were still acting as

plaintiff's fiduciary and distributor; and

F.  That defendants have refused to act in the best interests of

plaintiff as its fiduciary and instead, acted in a competitive, unlawful manner

for the purpose of stealing plaintiff's protected product, sales and market.

19.  That at all times hereinafter mentioned, said defendants were and

still are in default of its/their contractual obligations to the plaintiff herein.

20.  That the plaintiff has allowed defendants numerous opportunities to

cure the aforesaid defaults and/or unlawful conduct and defendants have failed

and/or refused to remedy same and/or refrain from such unlawful conduct in

the future.

21.  As a result of defendants' failure and/or refusal to cease its/their

unlawful conduct and remedy its/their default and deceptive practices, plaintiff

has sustained lost profits in sales, together with ancillary damages and

continues to suffer from same, a diminishing market, together with damage to

its good name, reputation product, and other unwarranted costs and damages.

22.  Plaintiff has fully performed all of its duties and obligations under the distributorship agreement, including but not limited to manufacturing a product in a timely fashion; ensuring that said product was fit for the purpose for which it was manufactured; providing defendants with an ample supply of product and in a timely fashion; and advising its customers and market that defendants were acting as its distributor and including for the purpose of reordering merchandise defendants' name, address and contact telephone numbers on its product.

23.  As a result of the foregoing, the plaintiff has fully performed its obligations under the aforesaid agreement but the obligations to be performed by the defendants have not been met.

24.  Defendants have refused and/or failed to meet its/their obligations and as a result, said defendants have defaulted.

25.  Plaintiff has demanded in a timely and reasonable manner that said defendants fully perform its/their obligations pursuant to its agreement and that defendants provide plaintiff with an accounting of all sales of its "Seat Sack" and defendants' "Seat Pocket" from the inception of the distributorship of plaintiff's product, together with all monies obtained from the sale thereof; and that defendants refrain from the unlawful conduct set forth herein, but

- 11 -

defendants have wrongfully failed, refused or neglected to do so as of this date.

26. That due to defendants' unlawful conduct of unfair business practice and deception, plaintiff has sustained the loss of its past, present and/or future customers and market and has otherwise sustained additional compensatory damages.

27. That the aforesaid conduct of the defendants was willful, and/or grossly malicious, and/or reckless and/or was calculated to cause and did cause harm to said plaintiff which has no adequate remedy at law.

28. By reason of the false and fraudulent statements made by the defendants to the plaintiff herein and the deceptions and fraud practiced by the defendants upon the plaintiff, defendants have unlawfully obtained and deprived plaintiff of profits to which it is entitled and rendered plaintiff's investments in its product useless.

29. As a result of the foregoing, plaintiff, SEAT SACK, INC., has sustained damages including but not limited to compensatory damages in the sum of $5,000,000.00 and is entitled to punitive, exemplary and treble damages from the defendants in the sum of $15,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FRAUD IN FAVOR OF THE PLAINTIFF AND AGAISNT THE DEFENDANTS

30. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through "29" of plaintiff's complaint as if fully set forth at length herein.

31. Due to the acts set forth in plaintiff's complaint, committed by the defendants with gross malice and with the intention of stealing the plaintiff's trade secrets and protected product the plaintiff has been defrauded herein due to the loss of sales and market growth.

### AS AND FOR A THIRD CAUSE OF ACTION FOR CONVERSION IN FAVOR OF THE PLAINTIFF AND AGAISNT THE DEFENDANTS

32. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" of plaintiff's complaint as if fully set forth at length herein.

33. That the defendants have converted monies and the proceeds of sales due plaintiff without the knowledge and consent of plaintiff and as a result of those diverted sales and inducements of breaches of contract; breaches of a fiduciary relationship, defendants have taken possession for its/their own use and benefit proceeds from the sale of plaintiff's product and/or by sale of a "knock off product" monies due plaintiff from 1999 up to and including the present.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR DECEPTIVE TRADE, UNFAIR BUSINESS PRACTICES, MISAPPROPRIATION OF TRADE SECRETS AND UNFAIR COMPETITION IN FAVOR OF THE PLAINTIFF AND AGAINST DEFENDANTS

34. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "33" of plaintiff's complaint as if fully set forth at length herein.

35. The acts of defendants complained of herein were done with gross malice and represent an ongoing course of conduct by the defendants against all entities supplying it with protected products, including the plaintiff herein due to the defendants' deceptive trade and practices while acting as plaintiff's distributor and fiduciary, plaintiff has sustained diminution of its product, market and name.

## AS AND FOR A FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT IN FAVOR OF PLAINTIFF AND AGAINST THE DEFENDANTS

36. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" of plaintiff's complaint as if fully set forth at length herein.

37. Upon information and belief, plaintiff has performed all the conditions of the contract so required of it.

38. Upon information and belief, plaintiff repeatedly demanded of the

- 14 -

defendants that it/they undertake and complete all of the covenants and promises agreed to as to heretofore mentioned herein.

39. Upon information and belief, defendants have wholly failed to meet its/their obligations under the contract or to return all of the profits obtained by their unlawful conduct and to refrain from continued violations of law more particularly set forth herein, together with all damages sustained by plaintiff as a result of the defendants' breach of contract.

40. As a result of the foregoing, the defendants have breached its/their contracts entered into with the plaintiff and no reasonable basis exists for the defendants' refusal to fully undertake and complete those covenants agreed to by the defendants as heretofore stated herein.

### AS AND FOR A SIXTH CAUSE OF ACTION
### FOR AN AWARD OF ATTORNEY'S FEES AND
### COSTS IN FAVOR OF THE PLAINTIFF AND
### AGAINST THE DEFENDANTS

41. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "40" of plaintiff's complaint as if fully set forth at length herein.

42. As a result of the continued fraudulent actions of the defendants while acting as a fiduciary and in breach of that duty to the plaintiff, plaintiff has sustained legal fees and incurred disbursements in seeking compensatory

- 15 -

damages and injunctive relief. As a result of the foregoing, plaintiff is entitled to an award of attorney's fees and costs of litigation in a sum deemed reasonable by the Court.

## AS AND FOR A SEVENTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANTS FOR UNLAWFUL USE OF PLAINTIFF'S PATENTED PRODUCT

43. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "42" of plaintiff's complaint as if fully set forth at length herein.

44. Plaintiff, SEAT SACK, INC., is the owner of a lawful patent for its product which is the subject of this litigation, together with a trade name, trademarks and service marks, including the famous trademark "Seat Sack" which has been diligently exploited by defendants.

45. SEAT SACK, INC. has actively used the aforesaid name and mark for many years prior to entering the aforesaid distributor agreement through a wide variety of commercial activities. Such activities have included:

A. The sale of merchandise bearing the name and mark "Seat Sack TM, INC.", has been continuously sold within the United States and up to the execution of the aforesaid distributor agreement, plaintiff has derived and continues to derive substantial royalties therefrom.

- 16 -

46.  Upon information and belief, SEAT SACK, INC. has also diligently enforced and protected its trademark through, e.g. vigilant policing of the marketplace and of trademark registers throughout the world, and through the use of clipping services, at great cost and expense. Seat Sack, Inc. has aggressively and successfully protected unauthorized uses of its trademark by third parties.

47.  Defendants, including CHILDCRAFT EDUCATION CORP., have been distributing and selling unauthorized merchandise embodying the mark and/or the names, trademarks and/or likenesses of "Seat Sack, Inc." at and around numerous retail and wholesale stores in violation of the rights of plaintiffs under the Lenham Act and in violation of the Federal Trademark Act, 15 U.S.C. Section 1051, et seq., and under related and other laws of the State of New York, including but not limited to Section 360-l of General Business Law of the State of New York.

48.  The sale of such merchandise is without permission or authority of the plaintiff.

49.  This unlawful activity results in irreparable harm and injury to plaintiff in that, among other things, it deprives plaintiff of its absolute right to determine the manner in which the trademarks are presented to the general public through merchandising; deceives the public as to the origin and

- 17 -

sponsorship of such merchandise; the public as to the origin and sponsorship of

such merchandise; wrongfully trades upon and cashes in on plaintiff's

reputation.

50.  Plaintiff seeks injunctive relief enjoining defendant's unlawful

conduct described herein in that plaintiff has no adequate remedy of law.

## AS AND FOR A EIGHTH CAUSE OF ACTION
## IN FAVOR OF THE PLAINTIFF AND
## AGAINST THE DEFENDANTS

51.  Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through "50" of plaintiff's

complaint as if fully set forth at length herein.

52.  This count arises under 15 U.S.C. Section 1114 with respect to the

infringement of plaintiff's federally registered patent and its protected

trademark and service mark.

53.  By virtue of the plaintiff's aforesaid extensive use, advertising and

promotion of its trademark, the trade and public have come to associate use of

this trademark with plaintiff and the activities conducted by them, and

plaintiff's trademark has acquired secondary meaning in the trademark.

54.  Upon information and belief, defendants, with actual and

constructive notice of plaintiff's prior use and registration of its mark, have

utilized plaintiff's mark and marks confusingly similar thereto to sell its/their

- 18 -

bootleg merchandise.

55.  Defendants' unlawful uses of plaintiff's mark and marks confusingly similar thereto are likely to cause confusion, mistake or deception as to the source of origin of defendants' products and to mislead the public into believing that defendants' products originate from, are affiliated with, or are sponsored, authorized or approved by plaintiff.

56.  Defendants' aforesaid actions will cause sales of plaintiff's merchandise to be lost and/or diverted to the defendants. Further, the defendants' false designations of origin will irreparable harm and injure plaintiff's goodwill and reputation. Such irreparable harm will continue unless enjoined by this Court.

57.  The aforesaid acts of defendants constitute a violation of plaintiff's rights under 15 U.S.C. Section 1114 and Sections 360-l of the General Business Law of the State of New York.

58.  Plaintiff will have no adequate remedy at law if defendants' activities are not enjoined and will suffer irreparable harm and injury to plaintiff's image and reputation as a result thereof.

## AS AND FOR A NINTH CAUSE OF ACTION
## IN FAVOR OF THE PLAINTIFF AND AGAINST
## THE DEFENDANTS AS A RESULT OF A
## VIOLATION OF 15 U.S.C. 1125(a)

59. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "58" of plaintiff's complaint as if fully set forth at length herein.

60. This count arises under 15 U.S.C. 1125(a) which relates to trademarks, trade names and unfair competition entitled "False Designations of Origin and False Descriptions Forbidden," and involves false description in commerce.

61. The plaintiff's mark has been used widely throughout the United States to identify products and services of SEAT SACK, INC. As a result of same, the plaintiff's mark has developed and now has a secondary and distinctive trademark meaning to purchasers of goods which bear the plaintiff's mark.

62. Defendants, by misappropriating and using the plaintiff's mark and/or a trade name and/or mark so similar to the plaintiffs, have misrepresented and falsely described to the general public the source of origin of the bootleg merchandise so as to create the likelihood of confusing by the ultimate purchaser as to both the source and sponsorship of the bootleg

- 20 -

merchandise.

63. Plaintiff will be damaged by the sale of the bootleg merchandise bearing the plaintiff's mark.

64. The unlawful merchandising activities of defendants, as described above, are without permission or authority of plaintiff and constitute express and implied misrepresentations that the bootleg merchandise was created, authorized or approved by plaintiff.

65. The aforesaid acts of defendants are in violation of 15 U.S.C. 1125(a) in that the defendants will use, in connection with goods and services, a false designation or origin and have caused and will continue to cause said goods the bootleg merchandise to enter into interstate commerce.

66. Plaintiff has no adequate remedy at law and, if defendants' activities are not enjoined, will suffer irreparable harm and injury.

### AS AND FOR A TENTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANTS AS A RESULT OF A VIOLATION OF 15 U.S.C. 1125(a)

67. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "66" of plaintiff's complaint as if fully set forth at length herein.

68. This count arises under 15 U.S.C. 1125(a) which relates to

- 21 -

trademarks, trade names and unfair competition entitled "False Designations of Origin and False Descriptions Forbidden," and involves false description in commerce.

69. The plaintiff's mark has been used widely throughout the United States to identify plaintiff's respective goods. As a result of same, plaintiff's mark has developed and now has a secondary and distinctive trademark meaning to purchasers of goods which bear the plaintiff's mark.

70. Defendants, by misappropriating and using the plaintiff's mark, have misrepresented and falsely described to the general public the source of origin of the bootleg merchandise so as to create the likelihood of confusion by the ultimate purchaser as to both the source and sponsorship of the bootleg merchandise.

71. The aforesaid acts of the defendants are in violation of 15 U.S.C. 1125(a) in that the defendants will use, in connection with goods and services, a false designation or origin and have caused and will continue to cause said goods the bootleg merchandise to enter into interstate commerce.

72. Plaintiff has no adequate remedy at law and, if defendants' activities are not enjoined, will suffer irreparable harm and injury.

## AS AND FOR A ELEVENTH CAUSE OF ACTION IN
## FAVOR OF THE PLAINTIFF AND AGAINST THE
## DEFENDANTS FOR VIOLATIONS OF SECTION 360-l
## OF THE GENERAL BUSINESS LAW
## OF THE STATE OF NEW YORK

73.  Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through "72" of plaintiff's

complaint as if fully set forth at length herein.

74.  This count arises under Section 360-l of the General Business Law

of the State of New York.

75.  Defendants' activities are likely to dilute the distinctive quality of

the plaintiff's mark and/or trade name and injure the business reputation of

SEAT SACK, INC., in violation of its rights under Section 360-l of the General

Business Law of the State of New York.

76.  Plaintiff has no adequate remedy at law and, if defendants' activities

are not enjoined, will suffer irreparable harm and injury.

## AS AND FOR A TWELFTH CAUSE OF ACTION IN
## FAVOR OF THE PLAINTIFF AND AGAINST THE
## DEFENDANTS FOR VIOLATIONS OF SECTION 360-l
## OF THE GENERAL BUSINESS LAW
## OF THE STATE OF NEW YORK

77.  Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each

and every allegation contained in paragraphs "1" through "76" of plaintiff's

complaint as if fully set forth at length herein.

78. That the defendants have continually induced breaches of contract between the plaintiff and its customers who have, by unfair business practices, believe they were entering into contracts with the plaintiff when in fact the defendants diverted sales to itself/themselves.

79. The defendants were also aware of numerous existing contracts between the plaintiff and plaintiff's market which the defendants induced the breach thereof without just cause and for its/their own profit.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANTS FOR UNJUST ENRICHMENT

80. Plaintiff, SEAT SACK, INC., repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "79" of plaintiff's complaint as if fully set forth at length herein.

81. The acts of the defendants complained of herein have unjustly enriched said defendants and said acts were committed without the consent and/or knowledge of the plaintiff and were committed for that purpose.

WHEREFORE, plaintiff demands judgment against the above named defendants as follows:

A. On its first, second, third, fourth, sixth, seventh, eighth, ninth,

- 24 -

tenth, eleventh, twelfth and thirteenth causes of action in the sum of $5,000,000.00 as and for compensatory damages; and $15,000,000.00 as and for punitive, exemplary and treble damages; and

B.  On its fifth cause of action in the sum of $5,000,000.00 as and for compensatory damages; and

C.  On its sixth cause of action an award of attorney's fees in a sum deemed reasonable and necessary by the Court due to the defendants' breach of a fiduciary duty; and

D.  On its seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth causes of action granting plaintiff injunctive relief enjoining the defendants as follows:

1.  Granting plaintiff a Temporary Restraining Order and a Preliminary Injunction during the pendency of this action and permanently thereafter restraining, enjoining and prohibiting defendants from manufacturing, distributing or selling any and all merchandise bearing the plaintiff's mark and/or anything confusingly similar thereto and/or any merchandise that suggests or implies any association with the plaintiff's mark and/or protected product.

2.  An order of seizure of all merchandise bearing the plaintiff's mark and/or any product or anything confusingly similar thereto and/or any

- 25 -

merchandise that suggests or implies any association with the plaintiff's merchandise, trademark or mark.

     3. An Order for a Permanent Injunction prohibiting defendants from manufacturing, distributing and selling merchandise bearing the plaintiff's mark and/or anything confusingly similar thereto and/or any merchandise that suggests or implies any association with the plaintiff's business and/or merchandise; and

     4. Enjoining the defendants from any future sale of its "knock off product"; directing that defendants provide an accounting of all sales of both plaintiff's "Seat Sack" product and defendant's "Seat Pocket" made between 1999 up to and including the present; and enjoining defendants from interfering in any manner with plaintiff's business, products, sales, patent, and/or customers and/or market.

     5. Granting plaintiff a full and complete accounting and inspection of all of the records of the defendants' sales of its "Seat Pocket" and any records pertaining to the gross sales and net profits obtained thereby.

     6. An order directing the defendants to return to plaintiff all assets received from the plaintiff and/or any losses of income and/or profits and/or related damages sustained by plaintiff as a result of defendants' fraud, conversion, breach of contract, unlawful business practices and other violations

of federal and state law.

ALL OF THE FOREGOING, together with interest from November,

1999, and costs and disbursements of this action and for such other and further

relief as to the Court may seem just and proper under the circumstances.

Dated: February 6, 2007

_____

EDWARD J. CARROLL, ESQ.
Attorney for Plaintiff
2733 Route 209
Kingston, New York 12401
(845) 338-5977

- 27 -

STATE OF NEW YORK, COUNTY OF     ULSTER                                    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐  certify that the annexed

**Attorney's**
**Certification**     has been compared by me with the original and found to be a true and complete copy thereof.

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

the plaintiff                      . I have read the annexed     Complaint

☒
**Attorney's**
**Verification**     know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on informatic
**by**          and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upo
**Affirmation**     knowledge, is based upon the following.     Corporate books and records

The reason I make this affirmation instead of     plaintiff          is that plaintiff's business is
not located within the County in which my office is located

I affirm that the foregoing statements are true under penalties of perjury.

Dated: February 6, 2007                                           ..............................................................
                                                                  (Print signer's name below signatur
STATE OF NEW YORK, COUNTY OF                          ss:         EDWARD J. CARROLL
                                    being sworn says: I am

☐          in the action herein; I have read the annexed
**Individual**     know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged or
**Verification**   information and belief, and as to those matters I believe them to be true.

☐          the                          of
**Corporate**     a corporation, one of the parties to the action; I have read the annexed
**Verification**   know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged or
                   information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:


Sworn to before me on                          , 20                ..............................................................
                                                                  (Print signer's name below signature,
..............................................................


STATE OF NEW YORK, COUNTY OF                          ss:
                                    being sworn says: I am not a party to the action, am over 18 years of
age and reside at
          On                          , 20     , I served a true copy of the annexed
                                              in the following manner:
☐          by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
**Service**   within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:
**by Mail**

☐          by delivering the same personally to the persons at the address indicated below:
**Personal**
**Service**

☐          by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
**Service by** attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
**Electronic** and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
**Means**     U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐          by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
**Overnight**  designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
**Delivery**
**Service**


Sworn to before me on                          , 20

..............................................................

Index No.                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SEAT SACK, INC.,

                    Plaintiff,

     -against-

CHILDCRAFT EDUCTION CORP.: US PFFICE PRODUCTS
COMPANY: US OFFICE PRODUCTS NORTH ATLANTIC
DISTRICT, INC.; AND SCHOOL SPECIALITY,  INC.,

                    Defendants.

SUMMONS WITH NOTICE AND VERIFIED COMPLAINT

**EDWARD J. CARROLL**

Attorney for   Plaintiff

2733 ROUTE 209
KINGSTON, N. Y. 12401
(845) 338-5977

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ............................................     Signature ....................................................................................

                                                        Print Signer's Name .................................................................

*Service of a copy of the within*                                                  *is hereby admitted.*

*Dated:*

                                                   .........................................................................

                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐  *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                        20
ENTRY

☐  *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                                *one of the judges of the within named Court,*
SETTLEMENT  *at*
            *on*                        20        *, at*                  *M.*

*Dated:*

                                                        **EDWARD J. CARROLL**

                                     *Attorney for*

2733 ROUTE 209
KINGSTON, N. Y. 12401
(845) 338-5977

*To:*