Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHILDCRAFT EDUCATION CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-461 (GMS) |
| | ) | |
| ALICE'S HOME, | ) | |
| AND WILLIAM WEDD, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

### I.  INTRODUCTION

Presently before the court in the above-captioned action for breach of contract, misappropriation of trade secrets, and unjust enrichment is the defendants' motion to dismiss. (D.I. 24.) For the reasons below, the court will grant the motion.

### II.  JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 (Supp. 2005).

### III.  STANDARD OF REVIEW

"When considering a Rule 12(b)(6) motion, [the court is] required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). "A Rule 12(b)(6) motion should be granted 'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Id.* at 351 (quoting *D.P. Enter. Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d Cir. 1984)). "However, [the] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss." *Evancho*, 423 F.3d at 351.

IV.  **BACKGROUND**

Plaintiff Childcraft Education Corp. ("Childcraft") is a New York corporation with its principal place of business in Lancaster, Pennsylvania. As its name suggests, Childcraft sells educational supplies. Defendant Alice's Home, a sole proprietorship in Columbus, Ohio, also sells educational supplies, including a product known as the Extra Wide Language Easel, Model A116 ("the A116"). Alice's Home is owned entirely by Defendant William Wedd ("William"), who is also a resident of Ohio. Alice Wedd ("Alice") – William's spouse – worked in Ohio as a sales representative for Childcraft from 1995 until May 2003. She, too, is a resident of Ohio. In early 1998, Alice's Home granted Childcraft an exclusive license to sell the A116. The terms of that license were negotiated in Ohio, and the licensing agreement was executed in Ohio. Yet, in spite of the fact that the parties have obvious contacts with Ohio, New York, and Pennsylvania, and in spite of the fact that the parties have no discernable contacts with Delaware, the licensing agreement contains both a choice-of-law provision stating that the laws of Delaware shall apply to the agreement's construction, interpretation, and enforcement, and a forum-selection clause stating that the parties agree to submit to personal jurisdiction in Delaware.

On May 16, 2005, Alice and Alice's Home brought suit in Ohio state court against Childcraft and James Green – Alice's direct supervisor at Childcraft – alleging that Childcraft misappropriated trade secrets and used those secrets to sell products which, although similar to the A116, were the property of Alice's Home and were not covered by the licensing agreement. The amended complaint in the Ohio action also states causes of action for unfair competition, breach of contract, wrongful discharge, interference with contract, slander, and unjust enrichment. By contrast, in the case before this court – which was filed on July 1, 2005 – Childcraft alleges that Alice's Home

2

violated the parties' agreement by selling the A116 in spite of Childcraft's exclusive license to do so. Childcraft further alleges that William and Alice's Home made unauthorized use of certain trade secrets which Alice had improperly obtained through her employment at Childcraft. In its original complaint, Childcraft named Alice, William, and Alice's Home as defendants. However, the defendants subsequently moved to dismiss Alice for lack of personal jurisdiction, and Childcraft responded by voluntarily dismissing her without prejudice. Childcraft then filed an amended, three-count complaint (breach of contract, misappropriation of trade secrets, and unjust enrichment) naming only William and Alice's Home as defendants. Presently before the court is the defendants' motion to dismiss.

## V. DISCUSSION

### A. Choice of Law

A fundamental dispute in this case is whether the choice-of-law provision in the licensing agreement should be honored. "A Federal District Court sitting in diversity must apply the choice of law rules of the state in which it sits to determine which state's law governs the controversy before it." Kreider v. F. Schumacher & Co., 816 F. Supp. 957, 960 (D. Del. Mar. 1, 1993). "Delaware courts will generally honor a contractually-designated choice of law provision so long as the jurisdiction selected bears some material relationship to the transaction." *J. S. Alberici Constr. Co. v. Mid-West Conveyor Co.*, 750 A.2d 518, 520 (Del. 2000). The only relationship this case bears to Delaware is in the choice-of-law provision and the forum-selection clause of an agreement executed in another state by non-Delaware residents. That relationship is too attenuated to be deemed material. Therefore, since neither side argues that New York or Pennsylvania law should control, the court holds that Ohio law governs the terms of the licensing agreement.

3

### B. Personal Jurisdiction and Venue

This court's personal jurisdiction is based entirely on the forum-selection clause of the licensing agreement. "Under Ohio law, a forum selection clause is invalid under the following circumstances: (1) it was obtained by fraud, duress, the absence of economic power or other unconscionable means, (2) the designated forum would be closed to the suit or would not handle it effectively or fairly, or (3) the designated forum would be so seriously an inconvenient forum that to require the plaintiff to bring the suit there would be unjust." *Preferred Capital, Inc. v. Sarasota Kennel Club*, No. 04-2063, 2005 U.S. Dist. LEXIS 15238, at *7 (N.D. Ohio July 27, 2005). "In determining whether the selected forum is sufficiently unreasonable, factors to consider include: (1) which law controls the contractual dispute; (2) what residency do the parties maintain; (3) where the contract was executed; (4) where are the witnesses and parties to the litigation located; and (5) whether the forum's designated location is inconvenient to the parties." *Id.* at *10. It requires little discussion for the court to conclude that, under Ohio law, this forum-selection clause is invalid as unreasonable. Accordingly, this court has no personal jurisdiction over the defendants.

### VI. CONCLUSION

Because the court lacks jurisdiction, the defendants' motion to dismiss must be granted.

Dated: May 22, 2006

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHILDCRAFT EDUCATION CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 05-461 (GMS) |
| ) | |
| ALICE'S HOME, ) | |
| AND WILLIAM WEDD, ) | |
| ) | |
| Defendants. ) | |

### ORDER

IT IS HEREBY ORDERED THAT:

1.   The defendants' motion to dismiss (D.I. 24) be GRANTED; and

2.   The plaintiff's motion to strike the affidavit of William Wedd (D.I. 28) be DENIED as moot.


Dated: May 22, 2006            /s/ Gregory M. Sleet
                               UNITED STATES DISTRICT JUDGE