UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAT SACK, INC.,

                        Plaintiff,

   -against-                             Case No. 07-CV-3344 (RJH)(DFE)

CHILDCRAFT EDUCATION CORP.;
US OFFICE PRODUCTS COMPANY;
US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S
CROSS MOTION FOR A PRELIMINARY INJUNCTION**

Respectfully submitted,

EDWARD J. CARROLL, ESQ.
Attorney for Plaintiff, SEAT SACK, INC.
2733 Route 209
Kingston, New York  12401
Telephone: 845-338-5977
Facsimile:  845-338-5975

# TABLE OF CONTENTS

Page

THE FACTS AS PLEADED IN THE COMPLAINT.................. 1

STANDARDS.................................................................. 2

DEFENDANTS' MOTION IS PREMATURE......................... 3

PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES
CAUSES OF ACTION FOR FRAUD, CONVERSION,
"DECEPTIVE TRADE PRACTICES", "ATTORNEY'S
FEES" AND UNJUST ENRICHMENT................................. 4

    A. The complaint sufficiently pleads fraud
       with particularity.................................................. 4

    B. The complaint sufficiently states a cause of
       action for conversion.......................................... 10

    C. The economic loss doctrine is not a bar to recovery......... 11

    D. Plaintiff's complaint properly alleges causes of action
       for deceptive trade, unfair business practices,
       misappropriate of trade secretes, unfair competition........ 11

    E. Section 349 of the NY General Business Law is
       properly raised in this lawsuit................................. 11

    F. There is a proper basis for an award of
       "attorney's fees"................................................ 12

    G. Plaintiff may seek a claim for unjust enrichment............ 13

INJUNCTIVE RELIEF..................................................... 14

CONCLUSION.............................................................. 15

i

# TABLE OF AUTHORITIES

Page

## CASES

*April v. April*, 245 AD 841, 281 NYS 538 (Second Dept., 1935)…..  13

*Barash v. The Estate of Sperlin*, 271 AD2d 558 (Second
   Dept., 2000)……………………………………………………… 10

*In re Estate of Bausch*, 280 AD 482, 490, 115 NYS2d 278,
   284 (Fourth Dept., 1952)…………………………………….. 13

*Brown v. County of Nassau*, 226 AD2d 492 (Second Dept.,
   1996)…………………………………………………………….  4

*Matter of Campbell*, 138 AD2d 827, 829 (1988)…………………… 12

*Commerce and Indus. Insurance Co. v. Globe Office Supply
   Co.*, 226 AD2d 165 (First Dept., 1999)……………………….  4

*In re Estate of Dalsimer*, 160 Misc. 906, 296 NYS 209
   (First Dept., 1937)……………………………………………. 13

*Devito v. New York Central System*, 22 AD2d 600 (First
   Dept., 1965)…………………………………………………...  5

*Excellus Health Plan, Inc. v. Tran*, 287 F. Sup.2d 167
   (WD NY, 2003)………………………………………………... 12

*In re Estate of Feinberg*, 82 NYS2d 879 (Sur. Ct., N.Y. Co.,
   1948) aff'd 275 AD 925, 90 NYS2d 690 (First Dept., 1949)……. 13

*Ferrara v. Maio*, 221 AD2d 588 (Second Dept., 1995)…………....  4

*In re Estate of Garvin*, 256 NY 518, 520 (1931)……………………. 12

*Gill v. Pidlyphak*, 389 F.3d 379, 384 (2d Cir. 2004)…………………  2

*Glover v. National Bank of Commerce*, 156 AD 247 (1913)…………. 8

ii

## TABLE OF AUTHORITIES
(continued)

**Page**

*Groves v. Land's End House Co.*, 80 NY2d 978 (1992)............... 4

*Hand v. Stamper Food Corp.*, 224 AD2d 584 (Second Dept.,
    1996).................................................................. 4

*Heffernan v. Marine Midland Bank, NA*, 283 AD2d 337
    (First Dept., 2001)..................................................... 10

*In re Estate of Liss*, 102 Misc.2d 617, 618, 424 NYS2d 92,
    93 (Sup. Ct. Orange County, 1980).................................... 12

*In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp.
    2d 371, 404 (S.D.N.Y. 2001)........................................... 3

*Mallis v. Kates*, 56 AD2d 818 (1977)..................................... 5

*McGlyn v. Palace Co.*, 262 AD2d 116 (First Dept., 1999)............. 3

*Morris v. Hochman*, 745 NYS2d 549 (Appellate Div., 2002)......... .. 3

*Niagara Mohawk Power Corp. v. Freed*, 265 AD2d 938
    (Fourth Dept., 1999).................................................... 4

*Ottinger v. Dempsey*, 122 AD2d 125 (Second Dept., 1986)............. 4

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)............................ 3

*Parker v. Rogerson*, 49 AD2d 689, 709, 370 NYS2d 753
    (Fourth Dept., 1973).................................................... 12

*In the Matter of Rose BB*, 16 AD3d at 803............................... 12

*Sportiello v. The City of New York*, 774 NYS2d 353
    (Appellate Div. Second, 2004).......................................... 3

*Vitolo v. Dow Corning Corp.*, 166 Misc.2d 717 (1995)................. 5

EDWARD J. CARROLL, ESQ.
2733 Route 209
Kingston, New York  12401
Telephone: 845-338-5977
Facsimile:  845-338-5975

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SEAT SACK, INC.,

                                    Plaintiff,

    -against-                                    Case No. 07-CV-3344 (RJH)(DFE)


CHILDCRAFT EDUCATION CORP.;
US OFFICE PRODUCTS COMPANY;
US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.; and
SCHOOL SPECIALTY, INC.,

                                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFF'S CROSS MOTION FOR A PRELIMINARY INJUNCTION

On or about March 5, 2007, plaintiff commenced the instant lawsuit in the Supreme

Court of the State of New York, County of New York.  Thereafter, following service,

"CHILDCRAFT" and "SCHOOL SPECIALTY" moved to remove this case to the

United States District Court of the Southern District of New York.  Defendant,

CHILDCRAFT EDUCATION CORP., is a wholly owned subsidiary of defendant,

SCHOOL SPECIALTY, INC.  (See Exhibits "G" and "H").  Defendants, US OFFICE

- 1 -

PRODUCTS COMPANY and US OFFICE PRODUCTS NORTH ATLANTIC

DISTRICT, INC., filed for bankruptcy protection and have not appeared. To date, no

voluntary disclosure has been made by the defendants pursuant to FRCP Rule 26, nor

have the parties been able to agree on a proposed case management plan to allow for

the scheduling of discovery and depositions.

Notwithstanding the foregoing, defendants' counsel, without any sufficient

evidence or testimony, now moves this Court for an order dismissing plaintiff's

complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

The only documentation produced is plaintiff's verified complaint and a one page

document entitled "Childcraft Education Corp. Exclusives Growing Years Catalog".

In essence, defendants' claim is simply that plaintiff's complaint fails to state a claim

upon which relief can be granted.

Defendants acknowledge that the Court should accept all of the allegations

contained in plaintiff's complaint as "true" for the purposes of this motion.

Furthermore, defendants, contrary to their notice of motion, do not seek to dismiss all

causes of action contained in plaintiff's complaint. Instead, defendants' counsel are

only moving to dismiss those causes of action which allege fraud, conversion,

"deceptive trade practices", "attorney's fees" and unjust enrichment.

## STANDARDS

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must

accept all well-pleaded allegations in the complaint as true, and draw all reasonable

inferences in favor of the nonmoving party. See Gill v. Pidlypchak, 389 F.3d 379, 384

- 2 -

(2d Cir. 2004). Dismissal is proper if it appears beyond doubt that the plaintiff cannot

prove any set of facts in support of his claim that would entitled him to relief. See id.

However, "(t)he court need not credit conclusory statements unsupported by assertions

of facts or legal conclusions and characterizations presented as factual allegations." In

re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001)

(citing Papasan v. Allain, 478 U.S. 265, 286 (1986) . In addition, "the circumstances

constituting fraud...shall be stated with particularity." Federal Rule of Civil Procedure

9(b).  Plaintiff's claims in Counts I-IV, VI and XIII sufficiently meet these standards.

## DEFENDANTS' MOTION IS PREMATURE

Plaintiff commenced the instant action by service of a verified complaint upon the

defendants on or about March 5, 2007.  (See Exhibit "A").  Defendants,

CHILDCRAFT EDUCATION CORP. and SCHOOL SPECIALTY, INC., timely

answered and interposed a counterclaim on or about May 7, 2007 (Exhibit "I") and

plaintiff timely interposed a reply on or about May 21, 2007 (Exhibit "J").

Defendants' counsel have not allowed plaintiff any discovery, to date, nor has the

plaintiff been allowed to depose any of the defendants' officers or principals.  For this

reason alone, defendants' motion is premature.  Defendants, while denying plaintiff

any discovery, are, instead, attempting to "gut" plaintiff's complaint before plaintiff

has had any opportunity to obtain and provide further particulars.  As a result of the

foregoing, defendants' motion should be summarily denied at this stage of the

litigation. McGlyn v. Palace Co., 262 AD2d 116 (First Dept., 1999); Morris v.

Hochman, 745 NYS2d 549 (Appellate Div., 2002); Sportiello v. The City of New

- 3 -

York, 774 NYS2d 353 (Appellate Div. Second, 2004); Ferrara v. Maio, 221 AD2d

588 (Second Dept., 1995); Brown v. County of Nassau, 226 AD2d 492 (Second Dept.,

1996); Groves v. Land's End House Co., 80 NY2d 978 (1992); Ottinger v. Dempsey,

122 AD2d 125 (Second Dept., 1986); Hand v. Stamper Food Corp., 224 AD2d 584

(Second Dept., 1996). If any relief is granted, plaintiff should be allowed the

opportunity to amend its pleadings following discovery.

### PLAINTIFF'S COMPLAINT SUFFICIENTLY STATES CAUSES OF ACTION FOR FRAUD, CONVERSION, "DECEPTIVE TRADE PRACTICES", "ATTORNEY'S FEES" AND UNJUST ENRICHMENT

Contrary to defendants' claims, it is respectfully submitted that plaintiff's causes of

action for fraud, conversion, "deceptive trade practices", "attorney's fees" and unjust

enrichment are sufficiently set forth in plaintiff's complaint and are not vague.

Although drawn originally for the State Court, and based to some extent upon

information and belief, sufficient facts are set forth in plaintiff's complaint. Any

additional details of the defendants' participation in the torts for which they now seek

dismissal are totally within those principals' knowledge and discovery should be

permitted before the drastic remedy of summary judgment is granted. Niagara

Mohawk Power Corp. v. Freed, 265 AD2d 938 (Fourth Dept., 1999); Commerce and

Indus. Insurance Co. v. Globe Office Supply Co., 266 AD2d 165 (First Dept., 1999).

Dismissal in this case, without an opportunity for discovery, would be unjust.

### A. The complaint sufficiently pleads fraud with particularity.

Plaintiff's complaint alleges that affirmative, fraudulent, oral and written

misrepresentations, set forth in plaintiff's complaint, were made to plaintiff by the

- 4 -

defendants' representatives. Plaintiff's complaint further alleges that such statements were made for the purpose of inducing the plaintiff to enter into an agreement with the defendants, upon which it relied, and as a result of that agreement, it thereafter sustained damages. Such allegations in the complaint establish a cause of action for fraud. Mallis v. Kates, 56 AD2d 818 (1977). Particular circumstances were set forth in sufficient detail in the complaint. Notwithstanding the defendants' promise to act as plaintiff's fiduciary and in plaintiff's best interest distributing the "Seat Sack"; to timely account for and remit all payments to plaintiff; to not manufacture or distribute any product that competes with the "Seat Sack" and to protect plaintiff's patent product, the defendants, by independent and extraneous conduct, created a "knock-off product" which it called a "Seat Pocket". The defendants also artificially increased the price of a "Seat Sack" in order to promote "Seat Pocket" sales and set up an internet website where they used plaintiff's trade name "Seat Sack" to mislead plaintiff's customers into purchasing their counterfeit product known as a "Seat Pocket". The defendants breached their fiduciary duty as an agent to the plaintiff with acts of self dealing, and committed independent acts of creating a counterfeit product and misleading the public into believing they were purchasing plaintiff's product, when in fact, they were purchasing the defendants' counterfeit. These acts, alone, created grounds for fraud even in the absence of the contract between the plaintiff and the defendants. Devito v. New York Central System, 22 AD2d 600 (First Dept., 1965). These claims were stated with particularity, Vitolo v. Dow Corning Corp., 166 Misc.2d 717 (1995), and were criminal in nature. Any greater detail of the particulars

- 5 -

of the defendants' participation is presently within the defendants' knowledge.

Commerce and Indus. Insurance Co. vs. Globe Office Supply Co., (supra). Further

particularization of plaintiff's claims are more clearly set forth in the affidavit of Ann

McAlear and the accompanying exhibits which are submitted on this instant motion.

Plaintiff alleges that "CHILDCRAFT" is totally owned and controlled by

"SCHOOL SPECIALTY" and acted at its direction. As such, SCHOOL SPECIALTY

was made a party. This fact is established by the defendants' own correspondence.

(See Exhibit "F" and the defendants' statement pursuant to Federal Rules and Civil

Procedure 7.1(A) Exhibit "G". Defense counsel also does not dispute, for the purposes

of this motion, that both defendants are in the business of marketing and distributing

educational aides, products and supplies to educational institutions. Defense counsel,

likewise, does not dispute that in late 1999, at least one of defendants,

"CHILDCRAFT", entered into an agreement whereby it agreed that it would serve as a

distributor of "Seat Sack", a product developed by plaintiff, SEAT SACK, INC., for

which the plaintiff holds a patent. "Seat Sack" is an organizational device which is

secured to the back of a student's chair and contains compartments to organize the

student's supplies. (See Exhibit "B"). Defense counsel also admits, for purposes of

this motion, that "CHILDCRAFT" promised to act as plaintiff's fiduciary, as a

distributing agent, and in plaintiff's best interest in such distribution of the "Seat

Sack"; to timely account for and remit all payments from the sales of "Seat Sack"; to

not manufacture or distribute any product that competes with "Seat Sack"; and to

protect plaintiff's United States design patent as well as plaintiff's State and Federal

- 6 -

trademark rights. (See page 3 of defendants' memorandum of law). It is by virtue of a breach of this fiduciary relationship, and the further acts of defrauding the public, by substituting its own "knock off product", for the plaintiff's product, and the creation of a website, utilizing the plaintiff's trade name to solicit sales of the defendants' counterfeit product, and the false inflation of the sales price of "Seat Sack" for fraudulent reasons, that the plaintiff now brings suit against these defendants. This is not an isolated incident. The defendants have apparently carried out such conduct in the normal course of business dealing with other contributing manufacturers. (See Exhibit "C").

Plaintiff's complaint further alleges that while defendant, "CHILDCRAFT", was acting under the control of "SCHOOL SPECIALTY", and in a fiduciary capacity, as plaintiff's distributor, with the promise to use due diligence and good faith in selling plaintiff's product, and to refrain from competition and after plaintiff had allowed defendant to include its product in defendant's catalog, with a notice to purchasers that additional orders could be made through the defendant's company, "CHILDCRAFT" secretly manufactured a "knock-off product" known as a "Seat Pocket" and established a web site to defraud the plaintiff. (See Exhibits "D", "E" and "F"). The defendant then utilized plaintiff's trade name and this product to attract customers for the sale of its own "knock-off product" known as a "Seat Pocket", which it sold in direct competition to the plaintiff. When a user searched the internet for the word "Seat Sack", instead of using due diligence to promote plaintiff's product, the defendant established a web site which automatically transferred the customer to its

- 7 -

own "knock-off product" known as a "Seat Pocket". (See Exhibits "D" and "E"). The website then presented the customer with a misleading name and description together with an artificially rigged purchase price, whereby plaintiff's product was purportedly being sold at a greater price than defendants' own "knock-off product". As a result of the foregoing, the customer was ultimately misled into believing that he or she was purchasing the plaintiff's product, when, in fact, he or she was purchasing the defendants' "knock-off copy", or, that he or she was purchasing a cheaper, but same product. After the purchase, defendants' "knock-off product" was then supplied, and the profits were retained by the defendants. These actions, carried out without the knowledge and consent of plaintiff, resulted in a breach of a fiduciary duty owed to plaintiff. These breaches were committed while the defendants were acting as plaintiff's distributing agent and, constituted "self-dealing" in that defendants utilized plaintiff's good will, trade name and patented product to sell its own "knock-off product" in direct competition with plaintiff. The defendants' acts also induced breaches of contract with plaintiff's established customers whereby the defendants realized vast profits at the plaintiff's expense. The defendants, for purposes of this motion, do not dispute that they were acting in a fiduciary capacity as a distributing agent and that the plaintiff is alleging that it is based on the personal confidence granted to the defendants which they breached. Glover v. National Bank of Commerce, 156 AD 247 (1913).

The defendants would have this Court believe that this is simply an action for a breach of contract, trade mark infringement and patent infringement. Plaintiff is not

- 8 -

suing, alone, upon a claim for a failure to provide contractual promises, as would be in

the case of the defendants in failing solely to use due diligence in the sale of the "Seat

Sack". Instead, independently of the contract, defendants have extrinsicly carried out

a scheme of "self-dealing" to defraud the plaintiff and numerous other contributing

suppliers, together with the general public. These independent tortuous acts were done

to fraudulently obtain the good will and value of the trade name of plaintiff's product,

while counterfeiting it, and then utilizing misleading and deceptive advertising to sell

that counterfeit and to retain those profits. The defendants' independent actions have

converted sales and proceeds which should have gone to plaintiff, instead of into the

defendants' coffers. Public confusion is clearly set forth in the facts of this case which

support plaintiff's causes of action for unfair competition, fraud, conversion, and

unjust enrichment. Control of the plaintiff's product and advertising was provided to

the defendants in good faith. This good faith and the plaintiff's rights were violated as

a result of the independent illegal acts of the defendants and their ongoing acts of

deception in creating a "knock-off product"; establishing a website to mislead and

induce customers to purchase defendants' "knock-off product", in direct competition

with plaintiff's patented "Seat Sack"; and their retention of those profits, which are

independent acts, beyond their contractual obligations for which they may be

independently prosecuted. These independent acts were extrinsic to their obligations

under the contract cause of action and stand alone. The independent acts of the

defendants in obtaining an exclusive license to sell plaintiff's product, among others,

and then creating a counterfeit "knock-off product" which they sold under a

- 9 -

misleading name to the public, as plaintiff's product, via a website that illegally transferred the customer searching for plaintiff's product to the defendants' counterfeit, and the retention of those profits constitute independent fraudulent acts which, even without a contract, stand alone and plead a sufficient cause of action for fraud.

**B. The complaint sufficiently states a cause of action for conversion.**

A conversion claim is stated in response to the defendants' deposit of account funds which should have been turned over to the plaintiff for the sale of the counterfeit goods. Instead, the defendants secreted the sales of those goods and deposited the proceeds in their own account thereby violating their ownership rights and creating an immediate cause of action for conversion. Heffernan v. Marine Midland Bank, NA, 283 AD2d 337 (First Dept., 2001). It also accrued when the defendants withheld profits which constituted continuing wrongs upon their failure to give plaintiff the proper percentage of sales. Barash v. The Estate of Sperlin, 271 AD2d 558 (Second Dept., 2000). The theft of plaintiff's customers by trick and deceit via a fraudulent website also resulted in a conversion.

As a result of the foregoing, plaintiff's claims properly state a cause of action for conversion which may be pleaded in the alternative in this lawsuit. Plaintiff seeks to recover for the specific identifiable property to which it had the immediate right of possession but to the acts of the defendants, did not receive. Those funds and customers are properly identified in plaintiff's complaint.

- 10 -

## C.  The economic loss doctrine is not a bar to recovery.

The plaintiff seeks to collect damages which result for more than a simple breach of contract.  Recovery is sought to collect damages which occurred due to the independent acts of the defendants in creating the counterfeit product and their misrepresentation to the public and the plaintiff.  As such, this doctrine is not a bar.

## D.  Plaintiff's complaint properly alleges causes of action for deceptive trade, unfair business practices, misappropriate of trade secretes, unfair competition.

In this lawsuit, plaintiff's complaint identifies the product that was transferred to the defendants as the plaintiff's distributing agent together with the accounts of its customers and the prices which were totally non-public in nature.  The information that defendants obtained so that they could act as plaintiff's distributing agents was violated and misappropriated for the defendants' own gains.

Wherefore, plaintiff's complaint states a claim for misappropriation of a trade secret.  Further particulars, if requested, may be obtained by the defendants during the course of discovery.

## E.  Section 349 of the NY General Business Law is properly raised in this lawsuit.

Plaintiff's complaint property asserts that the deceptive trade practices by the defendants adversely affected the consumers of plaintiff's product and was directed to the consumer public at large.  While it is true that the primary focus of this statute is consumer protection, it is also true that the Courts have allowed competitors to challenge deceptive practices under this statute so long as some harm to the public at

- 11 -

large is at issue. The critical concern is whether the manner affects the public interest in New York, not whether the suit is brought by a consumer or a competitor. In this case, the plaintiff is alleging that the general public, including all the school districts, bidding for plaintiff's "Seat Sack", are being sold a counterfeit of lesser value and purpose. Therefore, plaintiff's complaint states a proper cause of action for a violation of NY General Business Law Section 349. Excellus Health Plan, Inc. v. Tran, 287 F. Sup.2d 167 (WD NY, 2003). This especially true in that the plaintiff seeks injunctive relief prohibiting such conduct in the future. In this action, the statute specifically provides for preliminary injunctive relief in Section 349(b) of NY General Business Law.

**F. There is a proper basis for an award of "attorney's fees".**

Defense counsel claims that attorney's fees may not be recovered by the plaintiff in this action. This claim is meritless.

Specifically, by statute, Section 349(h) of NY General Business Law specifically provides that the Court may award reasonable attorney's fees to a prevailing plaintiff.

For more than 70 years, New York Courts have also held that a fiduciary, such as the defendants, acting as agents, may be surcharged with another interested party's counsel fees where the fiduciary is guilty of misconduct that necessitated the expense. See In re Estate of Garvin, 256 NY 518, 520 (1931); Parker v. Rogerson, 49 AD2d 689, 709, 370 NYS2d 753 (Fourth Dept., 1973); In re Estate of Liss, 102 Misc.2d 617, 618, 424 NYS2d 92, 93 (Sup. Ct. Orange County, 1980). Matter of Campbell, 138 AD2d 827, 829 (1988). See In the Matter of Rose BB, 16 AD3d at 803. Under such

- 12 -

circumstances, the wrongdoer becomes an insurer against losses and bears the risk of the uncertainty that his actions created. Parker v. Rogerson, (supra) 49 AD2d at 708, 370 NYS2d at 754. The surcharge is imposed based upon a breach of trust arising out of self-dealing. See In re Estate of Bausch, 280 AD 482, 490, 115 NYS2d 278, 284 (Fourth Dept., 1952) (citations omitted). And, the surcharge includes all legal expenses and disbursements reasonably expended by objectants in their successful efforts to obtain redress. See In re Estate of Bausch, (supra) 280 AD at 494, 115 NYS2d at 288. Here, this action seeks such redress. See April v. April, 245 AD 841, 281 NYS 538 (Second Dept., 1935) aff'd as modified, 272 NY 331, 6 NE2d 43 (1936); In re Estate of Feinberg, 82 NYS2d 879 (Sur. Ct., N.Y. Co., 1948) aff'd 275 AD 925, 90 NYS2d 690 (First Dept., 1949); In re Estate of Dalsimer, 160 Misc. 906, 296 NYS 209 (First Dept., 1937).

### G. Plaintiff may seek a claim for unjust enrichment.

Plaintiff's thirteenth cause of action seeks a claim for unjust enrichment, not by virtue of contract, but based upon the independent, unlawful extrinsic tortuous acts of the defendants which have deprived plaintiff of the profits from the sale or thwarted sales of its product. Again, it is claimed that the defendants acted far in excess of a simple default under their agreement with the plaintiff. They realized vast profits by illegal conduct and plaintiff's product and the sales which should have been realized, but for that conduct, established a cause for unjust enrichment

- 13 -

## INJUNCTIVE RELIEF

The plaintiff now seeks the injunctive relief more particularly set forth in the annexed cross motion. The plaintiff, based on the undisputed facts has established a strong possibility of recovery and that unless the relief is granted, it will suffer ongoing irreparable damage during the pendency of this action. There is not question of the existence of an agreement in which the defendants agreed to act as distributing agent for plaintiff's product. There is no question that the defendants established a counterfeit "knock-off product" and that this is not an isolated incident. (See Exhibit "C"). Furthermore, it is undisputed that the defendants established a web site which utilized the plaintiff's protected, patented trade name to attract sales from the general public and to steer those individuals to the defendants' counterfeit. The defendants have gone so far as to bid in the City of New York School District using the plaintiff's trade name and product to gain sales of its counterfeit by referring to it as a "Seat Sack cc edu". (See Exhibit "E"). Under such circumstances, the defendants will not suffer damage during the pendency of this action if they are directed to refrain from their illegal conduct, but if not granted, the plaintiff will sustain irreparable damage in the manner set forth in the affidavit of Ann McAlear sworn to on the 21st day of March 2007. Plaintiff's application for a preliminary injunction granting the relief sought in its cross motion should be granted.

- 14 -

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendants' motion for dismissal of

Counts I, II, III, IV, VI and VIII, should be in all respects denied and the relief sought

in plaintiff's cross-motion granted, together with such other and relief as to the Court

may deem just and proper under the circumstances.


Dated:  July 24, 2007                    Respectfully submitted,

                                         _____
                                         EDWARD J. CARROLL, ESQ.
                                         Attorney for Plaintiff, SEAT SACK, INC.
                                         2733 Route 209
                                         Kingston, New York  12401
                                         (845) 338-5977

TO: ORRICK, HERRINGTON & SUTCLIFF, LLP
    Att:  RICHARD W. MARK, ESQ. and DAVID M. FINE, ESQ.
    Attorneys for Defendants, CHILDCRAFT EDUCATION CORP.
    and SCHOOL SPECIALTY, INC.
    666 Fifth Avenue
    New York, New York  10103

    GODFREY & KAHN, S.C. (OF COUNSEL)
    Att:  ANTHONY S. BAISH, ESQ., MARK E. SCHMIDT, ESQ.
    and NICHOLAS A. KEES, ESQ.
    Attorneys for Defendants, CHILDCRAFT EDUCATION CORP.
    and SCHOOL SPECIALTY, INC.
    780 North Water Street
    Milwaukee, Wisconsin  53202

    YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
    Att:  SEAN M. BEACH, ESQ.
    Attorneys for USOP LIQUIDATING LLC (f/k/a US OFFICE
    PRODUCTS COMPANY and US OFFICE PRODUCTS NORTH
    ATLANTIC DISTRICT, INC.)
    P.O. Box 391
    Wilmington, Delaware  19899