Richard W. Mark
David M. Fine
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

SEAT SACK, INC.,                     :

        Plaintiff,            :

   -against-                       :

CHILDCRAFT EDUCATION CORP.;          :     CASE NO. 07-CIV-3344 (RJH)(DFE)
US OFFICE PRODUCTS COMPANY;          :
US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.; and         :
SCHOOL SPECIALTY, INC.,
                                     :
        Defendants.
                                     :
------------------------------------ X


## CHILDCRAFT DEFENDANTS' REPLY MEMORANDUM
## OF LAW IN SUPPORT OF MOTION TO DISMISS


OF COUNSEL:

Nicholas A. Kees
Anthony S. Baish
Mark E. Schmidt
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI 53202-3590

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... i

ARGUMENT ........................................................................................................................... 2

    I.       PLAINTIFF HAS FAILED TO STATE A CLAIM AS A
           MATTER OF LAW, AND IS NOT ENTITLED TO DISCOVERY
           TO CURE THIS DEFICIENCY ........................................................................ 2

    II.      SEAT SACK'S AFFIDAVITS ARE IRRELEVANT TO
           RESOLUTION OF THE MOTION TO DISMISS ............................................. 2

    III.     SEAT SACK'S FRAUD CLAIMS SHOULD BE DISMISSED ........................... 3

           A.     Seat Sack's "Fraud" Claims Are Actionable Only In
                  Contract ........................................................................................... 4

           B.     Seat Sack Has Not Alleged Fraud with Particularity, as
                  Required by the Rules ...................................................................... 5

    IV.     SEAT SACK'S THIRD CAUSE OF ACTION,
           FOR CONVERSION, SHOULD BE DISMISSED ............................................. 6

    V.      SEAT SACK'S CLAIM FOR MISAPPROPRIATION OF
           TRADE SECRETS AND/OR "DECEPTIVE TRADE
           PRACTICES" SHOULD BE DISMISSED ....................................................... 7

    VI.     ATTORNEYS' FEES .......................................................................................... 9

    VII.    UNJUST ENRICHMENT ................................................................................ 10

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

Page

## FEDERAL CASES

ATSI Communications, Inc. v. Shaar Fund, Ltd., --- F.3d --, 2007 WL 1989336 (2d Cir.
  July 11, 2007)..................................................................................................................2

Crabtree v. Tristar Automotive Group, Inc.,
  776 F. Supp. 155 (S.D.N.Y. 1991) ...............................................................................4

DS America (East), Inc. v. Chromagrafx Imaging Systems, Inc.,
  873 F. Supp. 786 (E.D.N.Y. 1995) ...............................................................................4

Di Vittorio v. Equidyne Extractive Indus., Inc.,
  822 F.2d 1242 (2d Cir. 1987)........................................................................................5

Excellus Health Plan, Inc. v. Tran,
  287 F. Supp. 2d 167 (W.D.N.Y. 2003) .........................................................................8

Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.,
  674 F.2d 1336 (9th Cir. 1982) ......................................................................................8

Lehman v. Dow, Jones & Co., Inc.,
  783 F.2d 285 (2d Cir. 1986)..........................................................................................7

In re Livent, Inc. Noteholders Sec. Litig.,
  151 F. Supp. 2d 371 (S.D.N.Y. 2001)...........................................................................9

McCarthy v. Securities and Exchange Commission,
  406 F.3d 179 (2d Cir. 2005)..........................................................................................9

Mills v. Polar Molecular Corp.,
  12 F.3d 1170 (2d Cir. 1993)..........................................................................................5

Oechsner v. Connell Ltd. P'ship,
  283 F. Supp. 2d 926 (S.D.N.Y. 2003)...........................................................................5

On-Line Tech. v. Bodenseewerk Perkin-Elmer,
  386 F.3d 1133 (Fed. Cir. 2004).....................................................................................7

Port Washington Teachers' Ass'n v. Bd. of Educ.,
  478 F.3d 494 (2d Cir. 2007)..........................................................................................4

Rombach v. Chang,
  355 F.3d 164 (2d Cir. 2004)..........................................................................................5

i

Page

Shmueli v. City of New York,
    424 F.3d 231 (2d Cir. 2005)...........................................................................2

**STATE CASES**

Barash v. Estate of Sperlin,
    271 A.D.2d 558 (N.Y. 2000) ...........................................................................7

C.B. Western Financial Corp. v. Computer Consoles, Inc.,
    122 A.D.2d 10, 504, N.Y.S.2d 179 (N.Y. App. Div. 1986) ........................................4

Canstar v. Jones,
    212 A.D. 452, 622 N.Y.S.2d 730 (N.Y. App. Div. 1995) .........................................4

Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.,
    70 N.Y.2d 382 (N.Y. 1987) ...........................................................................10

Farash v. Sykes Datatronic, Inc.,
    59 N.Y.2d 500 (N.Y. 1983) ...........................................................................10

Heffernan v. Marine Midland Bank, N.A.,
    283 A.D.2d 337, 727 N.Y.S.2d 60 (N.Y. 2001) ................................................6, 7

Independence Discount Corp. v. Bressner,
    47 A.D.2d 756, 365 N.Y.S.2d 44 (N.Y. App. Div. 1975) .........................................6

L. Fatato, Inc. v. Decrescente Dist. Co.,
    86 A.D.2d 600, 446 N.Y.S.2d 120 (N.Y. App. Div. 1982) ......................................4

Laurent v. Williamsburg Sav. Bank,
    28 Misc. 2d 140, 137 N.Y.S.2d 750 (N.Y. 1954) ................................................6

MBW Advertising Network, Inc. v. Century Business Credit Corp.,
    173 A.D.2d 306, 569 N.Y.S.2d 682 (N.Y. 1991) ................................................4

Peters Griffin Woodward, Inc. v. WCSC, Inc.,
    88 A.D.2d 883, 452 N.Y.S.2d 599 (N.Y. App. Div. 1982) ......................................6

Sylmark Holdings Ltd. v. Silicone Zones Int'l, Ltd.,
    5 Misc. 3d 285, 783 N.Y.S.2d 758 (N.Y. Sup. 2004)............................................7

Page

**FEDERAL STATUTES**

Fed. R. Civ. P. 9(b) ..................................................................................................2, 5, 6

Fed. R. Civ. P. 56(e) ......................................................................................................3


**STATE STATUTES**

NY GBL § 349..............................................................................................................8, 9


**OTHER**

Restatement (Third) Unfair Competition § 39, cmt. f (1995).........................................8

Richard W. Mark (RM 6884)
David M. Fine (DF 4479)
ORRICK, HERRINGTON & SUTCLIFFE LLP
666 Fifth Avenue
New York, NY 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

SEAT SACK, INC.,                            :

        Plaintiff,                   :

   -against-                                :

CHILDCRAFT EDUCATION CORP.;      CASE NO. 07-CIV-3344 (RJH)(DFE)
US OFFICE PRODUCTS COMPANY;       :
US OFFICE PRODUCTS NORTH
ATLANTIC DISTRICT, INC.; and          :
SCHOOL SPECIALTY, INC.,
                           :

        Defendants.                 :

------------------------------------ X

## CHILDCRAFT DEFENDANTS' REPLY MEMORANDUM
## OF LAW IN SUPPORT OF MOTION TO DISMISS

Having filed a Complaint containing six counts that fail to state a claim as a matter of

law, plaintiff Seat Sack, Inc. ("Seat Sack") remarkably asks the Court to allow it discovery so

that it can attempt to find support for its allegations. Seat Sack needed to have that support

before it filed this lawsuit. Defendants Childcraft Education Corp. ("Childcraft") and School

Specialty, Inc. ("School Specialty"; collectively, "Childcraft Defendants") should not be put to

further expense and inconvenience in defending claims that have no legal merit. Substantial

portions of Seat Sack's Complaint should be dismissed.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A CLAIM AS A MATTER OF LAW, AND IS NOT ENTITLED TO DISCOVERY TO CURE THIS DEFICIENCY

Seat Sack first argues that the Childcraft Defendants' motion to dismiss is premature, because Seat Sack has not yet obtained discovery and therefore has had no "opportunity to obtain and provide further particulars." (Pl. Br. at 3.) Seat Sack apparently confuses the Childcraft Defendants' motion to dismiss under Rule 9(b) (for failure to plead fraud with particularity) and Rule 12(b)(6) (for failure to state a claim upon which relief can be granted) with a motion for summary judgment under Rule 56. Rules 9(b) and 12(b)(6) concern the sufficiency of Seat Sack's pleadings, not its evidence. See ATSI Communications, Inc. v. Shaar Fund, Ltd., --- F.3d ----, 2007 WL 1989336, at *6 (2d Cir. July 11, 2007) (describing Rule 9(b) as a "pleading constraint"); Shmueli v. City of New York, 424 F.3d 231, 236 (2d Cir. 2005) (ruling on motion under Rule 12(b)(6) "constituted a ruling as to the legal sufficiency of the amended [complaint]"). Seat Sack may not obtain discovery in pursuit of a legally deficient claim in the hope of unearthing some facts by which it might cobble together a cause of action. Indeed, Seat Sack's request for discovery to allow it to "obtain . . . further particulars" is a tacit concession that its current Complaint lacks the "particulars" necessary to sustain the claims in question.

### II. SEAT SACK'S AFFIDAVITS ARE IRRELEVANT TO RESOLUTION OF THE MOTION TO DISMISS

Seat Sack presents two affidavits in opposition to the motion to dismiss. The affidavits, which have no place in a response to motions brought under Rules 9(b) or 12(b), are both deficient as a matter of law and wholly irrelevant to the present motion. One of the affiants is Seat Sack's attorney, Edward J. Carroll. The first two paragraphs and the last paragraph of his thirteen-paragraph affidavit contain introductory language and a brief description of the

procedural history of the case, none of which is pertinent to the resolution of the Childcraft

Defendants' motion.  The remainder of the affidavit is nothing more than counsel's argument,

corresponding virtually word-for-word with entire sections of Seat Sack's opposing brief.[1]  None

of this "testimony" is proper.  An affidavit must set forth facts – not argument – about which the

affiant has personal knowledge and which would be admissible at trial.  See Fed. R. Civ. P.

56(e).

      The affidavit of Ann McAlear, Seat Sack's president, fares no better.  Setting aside

background information (in paragraphs one, two, three, and twenty) and averments about

irreparable harm directed solely toward Seat Sack's motion for preliminary injunction (in

paragraphs sixteen through nineteen), the substance of McAlear's affidavit is either directed to

the claims for alleged infringement of the design patent, trademark infringement or breach of

contract, none of which is the subject of this motion. (McAlear Aff., paras. 4-5, 6-8, 11, 12-15.)

McAlear also attempts to bolster Seat Sack's allegations of fraud (id., para. 9), but as discussed

below, the fraud claims fail whether or not the affidavit is considered.  The affidavits offered by

Seat Sack should be disregarded.

## III.    SEAT SACK'S FRAUD CLAIMS SHOULD BE DISMISSED

      The Childcraft Defendants identified two fatal defects in Seat Sack's fraud claims

(Counts I and II of Seat Sack's Complaint).  First, the fraud claims are indistinguishable from

Seat Sack's breach of contract claims.  Second, Seat Sack fails to plead fraud with particularity,

instead alleging "upon information and belief" only generalized statements supposedly made by

---

[1]    Compare Carroll Aff. paras. 3-4 with Pl. Br. at 2; Carroll Aff. para. 5 with Pl. Br. at 3; Carroll Aff. para. 6 with Pl. Br. at 4; Carroll Aff. para. 7 with Pl. Br. at 6-7; Carroll Aff. para. 8 with Pl. Br. at 7-8; Carroll Aff. para. 9 with Pl. Br. at 8; Carroll Aff. para. 10 with Pl. Br. at 8-9; and Carroll Aff. para. 11 with Pl. Br. at 9-10.  Although paragraph 12 of Carroll's Affidavit has no counterpart in Seat Sack's opposition brief, it merely contains argument regarding the effect of Seat Sack's second affidavit on its motion for a preliminary injunction.  See Carroll Aff. para. 12.

"the Defendants" at some unspecified time.  Seat Sack's opposition does not adequately address either of these defects.

**A.    Seat Sack's "Fraud" Claims Are Actionable Only In Contract**

A claim for failure to fulfill a promise is a claim for breach of contract, not for fraud.  <u>See</u> <u>DS America (East), Inc. v. Chromagrafx Imaging Systems, Inc.</u>, 873 F. Supp. 786, 796 (E.D.N.Y. 1995) (citing <u>C.B. Western Financial Corp. v. Computer Consoles, Inc.</u>, 122 A.D.2d 10, 504, N.Y.S.2d 179, 182 (N.Y. App. Div. 1986)); <u>Crabtree v. Tristar Automotive Group, Inc.</u>, 776 F. Supp. 155, 161 (S.D.N.Y. 1991); <u>MBW Advertising Network, Inc. v. Century Business Credit Corp.</u>, 173 A.D. 2d 306, 569 N.Y.S.2d 682 (N.Y. 1991); <u>Canstar v. Jones</u>, 212 A.D. 452, 453, 622 N.Y.S.2d 730, 731 (N.Y. App. Div. 1995); <u>L. Fatato, Inc. v. Decrescente Dist. Co.</u>, 86 A.D.2d 600, 601, 446 N.Y.S.2d 120, 121 (N.Y. App. Div. 1982) (allegation "that [the] defendant made [an] agreement knowing that it would not abide by it, thereby misrepresenting its intention to [the] plaintiff [.] . . . says nothing which is not legally embraced by [a cause] of action for breach of contract").  As the Childcraft Defendants pointed out in their opening brief, Seat Sack's own Complaint repeatedly and consistently characterizes the allegedly "fraudulent" acts as breaches of contract.  <u>See</u> Def. Br. at 5 and citations contained therein.

In response, Seat Sack asserts that the Childcraft Defendants' supposed misdeeds are "extrinsic" to or "independent" of the parties' contract.  (Pl. Br. at 9-10.)  Saying it does not make it so, however.  Seat Sack offers no authority to support the proposition that the Court should treat its fraud claims for failure to perform the alleged contract as "extrinsic" to its contract with the Childcraft Defendants.  Seat Sack's self-serving and unsupported statements are insufficient to defeat a motion to dismiss.  <u>See, e.g.</u>, <u>Port Washington Teachers' Ass'n v. Bd. of Educ.</u>, 478 F.3d 494, 499 (2d Cir. 2007) (upholding dismissal for lack of standing in part

because "plaintiffs offer little more than conclusory statements to support their assertion" of harm).

### B.    Seat Sack Has Not Alleged Fraud with Particularity, as Required by the Rules

Fed. R. Civ. P. 9(b) requires Seat Sack to allege the Childcraft Defendants' purported misrepresentations with particularity. <u>See</u> Fed. R. Civ. P. 9(b). Seat Sack may not rest allegations of fraud on "information and belief." <u>See</u> <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1175 (2d Cir. 1993); <u>Di Vittorio v. Equidyne Extractive Indus., Inc.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987). Seat Sack must specifically allege not only the content of the statements, but also who made the statements, the time they were made, and the place they were made. <u>See, e.g.</u>, <u>Rombach v. Chang</u>, 355 F.3d 164, 170 (2d Cir. 2004); <u>Oechsner v. Connell Ltd. P'ship</u>, 283 F. Supp. 2d 926, 933 (S.D.N.Y. 2003). As discussed in the Childcraft Defendants' opening brief, Seat Sack's Complaint falls woefully short of these requirements. <u>See</u> Def. Br. at 7-8.

The entirety of Seat Sack's opposition contains no identification of who made the alleged misrepresentations, when they were made, where they were made, or what – specifically – was said. Although Seat Sack's brief promises that the McAlear Affidavit provides "further particularization" of Seat Sack's claims (Pl. Br. at 6), the affidavit – even assuming it could supplant the Complaint itself – still does not support a fraud claim. With respect to who made the alleged misrepresentations, McAlear's affidavit vaguely tells us that "Childcraft Education Corp." did so "through its officers." (McAlear Aff. para. 9.) While marginally more specific than the Complaint[2] (and, it should be noted, exculpatory of School Specialty), McAlear's affidavit still does not adequately identify the maker of the alleged misrepresentations. <u>See, e.g.</u>, <u>Oechsner</u>, 283 F. Supp. 2d at 933 (alleging false statement by corporation's chairman "and

---

[2]    The Complaint alleged that "defendants, through its/their agents and/or employees" made the misrepresentations. (Compl. para. 13.)

others" did not satisfy speaker requirements of Rule 9). When were the alleged misrepresentations made? "Always," says McAlear. (McAlear Aff. para. 9.) It is difficult to conceive of an allegation <u>less</u> particularized than this. And McAlear's affidavit, like the remainder of Seat Sack's opposition, is silent on where the alleged misrepresentations took place and what exactly was said. Put simply, Seat Sack's Complaint, even if read together with McAlear's affidavit, constitutes precisely the sort of broadside accusation Rule 9(b) is intended to prevent. The fraud claims should be dismissed.

## IV.    SEAT SACK'S THIRD CAUSE OF ACTION, FOR CONVERSION, SHOULD BE DISMISSED

The Childcraft Defendants move to dismiss Seat Sack's conversion claim on the ground that the Complaint seeks nothing more than general money damages, as opposed to the recovery of specifically identifiable personal property. Only the latter is the proper subject of a conversion claim; money, generally speaking, may not be converted. <u>See</u> <u>Peters Griffin Woodward, Inc. v. WCSC, Inc.</u>, 88 A.D.2d 883, 883-84, 452 N.Y.S.2d 599, 600 (N.Y. App. Div. 1982); <u>Independence Discount Corp. v. Bressner</u>, 47 A.D.2d 756, 757, 365 N.Y.S.2d 44, 46 (N.Y. App. Div. 1975) (citing cases); <u>Laurent v. Williamsburg Sav. Bank</u>, 28 Misc. 2d 140, 143-44, 137 N.Y.S.2d 750, 754-55 (N.Y. 1954). Money may be subject to a conversion claim only if the plaintiff seeks recovery of <u>specific money</u> – <u>i.e.,</u> a specific dollar bill – or money placed into a specific, segregated fund. <u>See</u> <u>Independence Discount Corp.</u>, 47 A.D.2d at 757; <u>Laurent</u>, 28 Misc. 2d at 144.

The two cases cited by Seat Sack (Pl. Br. at 10) do not hold otherwise. In <u>Heffernan v. Marine Midland Bank, N.A.</u>, 283 A.D.2d 337, 727 N.Y.S.2d 60 (N.Y. 2001)(slip op.), there is nothing to suggest that the defendants argued, or the court considered, whether the money at issue could be the subject of a conversion claim. If the court had considered the issue, however,

it likely would have concluded that the money <u>could</u> be the subject of such a claim, since the

money apparently was taken for deposit into a specific trust account. <u>See id.</u> at 338 (discussing

bank employee's practice of converting "funds entrusted to him by plaintiffs in response to [his]

solicitations of investments in a fictitious 'Trust B' account"). If <u>Heffernan</u> tells us anything

about the conversion of money, therefore, it merely reaffirms that only specific money, or money

designated for a specific account, may be converted. The other case cited by Seat Sack, <u>Barash</u>

<u>v. Estate of Sperlin</u>, 271 A.D.2d 558 (N.Y. 2000), does not discuss conversion at all.

The only question, then, is whether Seat Sack alleges the conversion of specific money

rather than a generalized <u>right</u> to money. It does not. (Compl. paras. 32-33.)

## V.    SEAT SACK'S CLAIM FOR MISAPPROPRIATION OF TRADE SECRETS AND/OR "DECEPTIVE TRADE PRACTICES" SHOULD BE DISMISSED

Seat Sack insists the Childcraft Defendants have misappropriated its "trade secrets," a

claim asserted (albeit obliquely) in Seat Sack's Fourth Cause of Action. The claim cannot stand.

As noted in the Childcraft Defendants opening brief, the only potential "trade secret" alleged in

the Complaint is the Seat Sack product itself (or, perhaps, its design). Seat Sack confirms that

among the so-called "trade secrets" it seeks to protect is "the product that was transferred to the

defendants[.]" (Pl. Br. at 11.) But Seat Sack may not maintain an action for misappropriation of

information that is available to the public at large; the information must be secret. <u>See Lehman</u>

<u>v. Dow, Jones & Co., Inc.</u>, 783 F.2d 285, 297-98 (2d Cir. 1986); <u>Sylmark Holdings Ltd. v.</u>

<u>Silicone Zones Int'l, Ltd.</u>, 5 Misc. 3d 285, 297-98, 783 N.Y.S.2d 758, 770-71 (N.Y. Sup. 2004)

(slip op.) (citing authorities). According to the Complaint, the Seat Sack design is disclosed in a

publicly available patent. (Compl. para. 44; McAlear Aff. para. 4.) The public availability of the

information destroys its secrecy. "After a patent has issued, the information contained within it

is ordinarily regarded as public and not subject to protection as a trade secret." <u>On-Line Tech. v.</u>

Bodenseewerk Perkin-Elmer, 386 F.3d 1133, 1141 (Fed. Cir. 2004). See also Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc., 674 F.2d 1336, 1342 (9th Cir. 1982) ("Matters disclosed in a patent publication destroy any trade secret contained therein"); Restatement (Third) Unfair Competition § 39, cmt. f (1995) ("Information that is generally known or readily ascertainable through proper means . . . is not protectible as a trade secret. Thus, information that is disclosed in a patent or contained in published materials reasonably accessible to competitors does not qualify for protection"). Seat Sack also asserts that it provided the Childcraft Defendants "with the accounts of its customers and the prices which were totally non-public in nature." (Pl. Br. at 11.) However, such allegations are nowhere to be found in the Complaint.

Nor can any specific reference to New York General Business Law § 349 be found in the Complaint, although a claim under this statute is presumably also subsumed in the Fourth Cause of Action (which is vaguely styled as a count for "deceptive trade, unfair business practices, misappropriation of trade secrets and unfair competition"). Plaintiff concedes, as it must, that "the primary focus of this statute is consumer protection," but argues that it may nonetheless bring a claim against a competitor under Section 349 where "some harm to the public at large is at issue." (Pl. Br. at 11-12.) The sole case plaintiff cites in this regard allowed a plaintiff health plan to proceed with a Section 349 claim against its competitor because it adequately pleaded such public harm. See Excellus Health Plan, Inc. v. Tran, 287 F. Supp. 2d 167, 179-80 (W.D.N.Y. 2003) (complaint contains specific allegations that conduct "threatens the general public" by limiting the number of health care providers available to the community). Trying to fit a square peg in a round hole, plaintiff argues here that the Childcraft Defendants sold a "counterfeit of lesser value and purpose," thereby harming consumers. (Pl. Br. at 12.) Yet the Complaint contains no allegations that consumers were harmed by the Childcraft Defendants'

8

product.  To the contrary, plaintiff alleges that the product sold by the Childcraft Defendants was

"identical to plaintiff's 'Seat Sack,'" not inferior to it.  (Compl. para. 18-A.)  While plaintiff

makes numerous allegations that the Childcraft Defendants deprived it of profits (which is the

subject of other counts of the Complaint), nowhere does it claim that consumers were in any way

harmed by the Childcraft Defendants' alleged conduct.  In short, Seat Sack has not adequately

pleaded a claim for "deceptive trade, unfair business practices, misappropriation of trade secrets

and unfair competition."  Any such claim should be dismissed.

## VI.     ATTORNEYS' FEES

Seat Sack asserts a "stand-alone" claim for attorneys' fees.  It seeks to support this claim

by arguing that Section 349 of New York's General Business Law specifically provides for an

award of fees.  (Pl. Br. at 12.)  Even assuming that Section 349 has some application here, an

award of fees is only a specific <u>remedy</u> under that law.  There is no need to include a claim for

fees as a separate cause of action in the Complaint.

Seat Sack also argues that New York law permits recovery of attorneys' fees for breach

of fiduciary duties, and cites a host of cases so holding.  Seat Sack wrongly assumes, however,

that the Childcraft Defendants acted as Seat Sack's fiduciary.  For all the reasons set forth in

their opening brief, the Childcraft Defendants were <u>not</u>, as a matter of law, Seat Sack's

fiduciaries.  (<u>See</u> Def. Br. at 13.)  Seat Sack does not counter these arguments and authorities in

any way.[3]  (<u>See</u> Pl. Br. at 12-13.)  Accordingly, Seat Sack has waived any claim that the

Childcraft Defendants acted as its fiduciaries.  <u>See, e.g.</u>, <u>McCarthy v. Securities and Exchange</u>

---

[3]     Seat Sack does state the Childcraft Defendants agreed to act as its fiduciaries, but does so only in a
conclusory fashion.  (<u>See, e.g.</u>, Compl. para. 42; Pl. Br. at 12.)  The Court need not credit these conclusory
statements.  <u>See</u> In re Livent, Inc. Noteholders Sec. Litig., 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001).
Remarkably, Seat Sack also proclaims that the Childcraft Defendants have conceded for purposes of this
motion that they acted as Seat Sack's fiduciaries.  (Pl. Br. at 6.)  Not so.  The Childcraft Defendants
summarized the "fiduciary" allegations of Seat Sack's Complaint (Def. Br. at 3), but plainly challenged the
truth and legal sufficiency of those allegations.  (<u>Id.</u> at 13.)  Seat Sack does not address the Childcraft
Defendants' challenge.

Commission, 406 F.3d 179, 186 (2d Cir. 2005) (failure to raise argument in brief constitutes

waiver). There is no point in including a stand-alone claim for attorneys' fees, which – at most –

is a remedy available to Seat Sack under other claims.

## VII.   UNJUST ENRICHMENT

The existence of a contract between Childcraft and Seat Sack precludes Seat Sack from

pursuing an unjust enrichment claim. See Clark-Fitzpatrick, Inc. v. Long Island R.R. Co., 70

N.Y.2d 382, 388-89 (N.Y. 1987). Seat Sack insists, however, that it may pursue an unjust

enrichment claim "not by virtue of contract, but based on the independent, unlawful extrinsic

tortuous [sic] acts of the defendants which have deprived plaintiff of the profits from the sale or

thwarted sales of its products." (Pl. Br. at 13.) This hollow platitude, offered without citation to

authority, sheds no light on why Seat Sack's claim should be allowed to proceed. Unjust

enrichment is not a universal, "catch-all" claim against a defendant who allegedly has done

something "wrong." It is a quasi-contractual claim designed to compensate a plaintiff who

performed a service for the benefit of the defendant, who in turn received the service (whether or

not he actually benefited) but did not pay for it. See, e.g., Farash v. Sykes Datatronic, Inc., 59

N.Y.2d 500, 505-06 (N.Y. 1983). Seat Sack's complaint does not identify any such performance

or service beyond those required by the alleged contract itself. The contract between the parties,

pleaded by Seat Sack, precludes any unjust enrichment claim. The claim should be dismissed.

## CONCLUSION

For the foregoing reasons, the Childcraft Defendants' Motion to Dismiss Counts I, II, III,

IV, VI, and XIII should be granted.

10

Dated:  August 8, 2007

Respectfully submitted,

ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
    Richard W. Mark (RM 6884)
    David M. Fine (DF 4479)
    666 Fifth Avenue
    New York, NY  10103

    Attorneys for Defendants,
    Childcraft Education Corp. and
    School Specialty, Inc.

OF COUNSEL:

Nicholas A. Kees
Anthony S. Baish
Mark E. Schmidt
GODFREY & KAHN, S.C.
780 North Water Street
Milwaukee, WI  53202-3590

11