UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SEAT SACK, INC.,                           :
                                           :    MEMORANDUM AND ORDER
                        Plaintiff,         :
                                           :    07 Civ. 3344 (JLC)
        -v.-                               :
                                           :    (ECF Case)
CHILDCRAFT EDUCATION CORP. and             :
SCHOOL SPECIALTY, INC.,                    :
                                           :
                        Defendants.        :
------------------------------------------------------------X

JAMES L. COTT, United States Magistrate Judge.

In and Opinion and Order dated January 22, 2010 (Docket No. 75), Magistrate

Judge Eaton granted summary judgment in favor of defendants Childcraft Education

Corp. and School Specialty, Inc. ("Defendants") and entered a final judgment the same

day directing the Clerk of the Court to close the case (Docket No. 74).[1]  Plaintiff Seat

Sack, Inc. ("Plaintiff") filed a notice of appeal on February 11, 2010 (Docket No. 76).

Plaintiff has now written to the Court by letter dated April 22, 2010 requesting

that the Court grant a certification under Rule 54(b) of the Federal Rules of Civil

Procedure nunc pro tunc because, notwithstanding the entry of the judgment as "final,"

there remains a counterclaim seeking a declaration invalidating Plaintiff's design patent

that was never resolved.[2]  Plaintiff seeks to have its appeal of the decision granting

summary judgment to Defendants and dismissing its complaint proceed immediately,

rather than dismiss its appeal without prejudice to renewal upon adjudication of the

pending counterclaim.

---

[1]     Judge Eaton has since retired from the bench and this case has been reassigned to me.
[2]     Plaintiff has apparently not sought a stay of the proceedings in the Second Circuit during the
pendency of this application.  See 10 James Wm. Moore, et al., Moore's Federal Practice, § 54.24[2] at 54-
76 (3d ed. 2009) (court of appeals has discretion to stay appeal to permit appellant to obtain necessary
certification from district court) (citing cases).

USDC SDNY
DATE SCANNED  5/7/10

In a letter dated April 28, 2010, Defendants oppose the request, contending that this Court lacks jurisdiction over Plaintiff's request because "this case is not presently before the district court and the application is not properly made." Defendants' April 28 Letter at 1. Specifically, Defendants argue that there are two reasons why the judgment is not final. First, Defendants contend that the docket reveals that Plaintiff's claims against two other defendants – U.S. Office Products Company and U.S. Office Products North Atlantic District, Inc. – were dismissed "without prejudice" in 2007 (Docket No. 40),[3] and as such are not "final" for purposes of appellate jurisdiction. Second, Defendants note that their counterclaim remains to be adjudicated. Defendants do not specifically address the propriety of a nunc pro tunc certification.

It appears that Magistrate Judge Eaton thought he had resolved the entire case when he granted judgment to Defendants. His January 22, 2010 Opinion and Order directs the Clerk of the Court to "close [the] case," and the separate judgment he entered is denominated a "final judgment." It is true, however, that his opinion never addressed the counterclaim, and, as Defendants observe, the Supreme Court has held that "a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." Cardinal Chem. Co. v. Morton Int'l Inc., 508 U.S. 83, 96 (1993). The issue presented is thus whether this Court may issue a Rule 54(b) certificate after a notice of appeal has been filed and docketed in the Circuit (as it has in this case, under docket no. 10-546-cv).

Rule 54(b) permits a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that

---

[3]     These defendants had filed for bankruptcy in the District of Delaware and plaintiff was required under federal law to discontinue its claims against them. To the extent these claims, having been dismissed without prejudice, remain an impediment to appellate jurisdiction, the Court now dismisses them with prejudice.

there is no just reason for delay." Therefore, where some claims remain (here, the counterclaim), a Rule 54(b) certificate is required to appeal the dismissed claims. See, e.g., In re Chateaugay Corp., 922 F.2d 86, 91 (2d Cir. 1990).

As courts and commentators have observed, "the lack of certification at the time the notice of appeal is filed is not necessarily fatal, because the district court may subsequently issue the certificate, thus establishing appellate jurisdiction nunc pro tunc." 10 James Wm. Moore, et al., Moore's Federal Practice, § 54.24 at 54-75 (3d ed. 2009) (hereinafter, "Moore's"); see Chateaugay, 922 F.2d at 91 ("subsequent entry of a final judgment following a remand is sufficient to validate a premature notice of appeal if the opposing party is not prejudiced by the decision"). The Second Circuit has declined to dismiss premature notices of appeal where subsequent actions of the district court "have imbued the order appealed from with finality," Leonhard v. United States, 633 F.2d 599, 611 (2d Cir. 1980), cert. denied, 451 U.S. 908 (1981), finding it "appropriate to provide the parties with an opportunity to cure the jurisdictional defect." Chateaugay, 922 F.2d at 91 (citing with approval In re Durability, Inc., 893 F.2d 264, 266 (10th Cir. 1990) (though Rule 54(b) certification not obtained prior to appeal, parties permitted time to secure certification)). See also Gumer v. Shearson, Hammill & Co., 516 F.2d 283, 285 (2d Cir. 1974) (declining to dismiss appeal after district court made retroactive Rule 54(b) certification); cf. Volvo N. Am. Corp. v. Men's Int'l Prof'l Tennis Council, 839 F.2d 69, 71 n.2 (2d Cir. 1988) (post-appeal request for Rule 54(b) certification, while "apparently . . . honored" not considered "generally sound practice").

Although a district court has considerable discretion to grant a Rule 54(b) certificate, see Moore's, § 54.23[1][a] at 54-58, certification is discouraged when claims are "inextricably interrelated." Ginett v. Computer Task Group, Inc., 962 F.2d 1085,

1096 (2d Cir. 1992); see also Ruffolo v. Oppenheimer & Co., 949 F.2d 33, 36 (2d Cir. 1991) (certification not appropriate where dismissed claims against one defendant "completely intertwined" with claims against remaining defendant). Invalidity and patent infringement claims, however, are not always so inextricably linked as to preclude final judgment on one claim, while the other claim survives. See, e.g., Diamonds.Net LLC v. Idex Online, Ltd., 590 F. Supp. 2d 593, 601 (S.D.N.Y. 2008) (exercising declaratory judgment jurisdiction over patent invalidity counterclaim after dismissal of plaintiff's infringement claim); Glaxo Wellcome, Inc. v. Eon Labs Mfg., Inc., No. 00 Civ. 9089 (LMM), 2002 WL 1874830 at *6 (S.D.N.Y. Aug. 13, 2002) (granting summary judgment in favor of defendant as to invalidity of drug patent and directing clerk to enter "final judgment" on that claim under Rule 54(b) while plaintiff's infringement claim remained pending). Thus, Defendants' invalidity counterclaim may proceed independent of Plaintiff's infringement claims.

Here, there is "no just reason for delay" in entering a Rule 54(b) judgment nunc pro tunc. Taking into account "judicial administrative interests as well as the equities involved," Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980), the Court finds that Plaintiff has already noticed an appeal, and Defendants have not demonstrated they will be prejudiced by a Rule 54(b) certification as they have not taken any action to advance their counterclaim since Judge Eaton entered judgment in January, 2010 (nor did they cross-move for summary judgment on their counterclaim). Defendants have not made persuasive arguments why Plaintiff's appeal should be held up indefinitely while the counterclaim is adjudicated in the district court, or even represented that they intend to continue to litigate the counterclaim. In addition, Defendants have not established that the counterclaim cannot be separately adjudicated without causing piecemeal appeals.

4

For these reasons, the Court certifies nunc pro tunc that the January 22, 2010 Final Judgment is a "final judgment" pursuant to Rule 54(b). The January 22, 2010 Final Judgment is therefore modified to include a Rule 54(b) certificate as to Plaintiff's claims. The Clerk is directed to enter a separate Rule 54(b) judgment of the Court.[4] The Clerk is also directed to docket Plaintiff's letter dated April 22, 2010 and Defendants' letter dated April 28, 2010.

SO ORDERED.

Dated: New York, New York
      May 7, 2010

JAMES L. COTT
United States Magistrate Judge

**Copies of this Order are being sent by ECF to:**

Edward John Carroll, III
Law Office of Edward J. Carroll
2733 Route 209
Kingston, NY 12401
eclaw@hvi.net

David M. Fine
Orrick, Herrington & Sutcliffe LLP (NYC)
51 West 52nd Street
New York, NY 10019
dfine@orrick.com

Richard W. Mark
Orrick, Herrington & Sutcliffe LLP (NYC)
51 West 52nd Street
New York, NY 10019
rmark@orrick.com

Anthony S. Baish
780 North Water Street
Mil, WI 53202-3590
tbaish@gklaw.com

---

[4]    The Second Circuit has held that a Rule 54(b) judgment must be set out on a separate document. See, e.g., Cooper v. Town of East Hampton, 83 F.3d 31, 33-35 (2d Cir. 1996).

Mark E. Schmidt
Godfrey & Kahn, S.C.
780 North Water Street
Milwaukee, WI 53202-3590
mschmidt@gklaw.com

Nicholas A. Kees
Godfrey & Kahn, S.C.
780 North Water Street
Milwaukee, WI 53202-3590